# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEMORY INTEGRITY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | Civil Action No. 1:13-cv-01795-GMS <br><br> JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Civil Action No. 1:13-cv-01796-GMS <br><br> JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ASUSTEK COMPUTER, INC. AND ASUS COMPUTER INTERNATIONAL, <br><br> Defendants. | Civil Action No. 1:13-cv-01797-GMS <br><br> JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BLACKBERRY LTD AND BLACKBERRY CORPORATION, <br><br> Defendants. | Civil Action No. 1:13-cv-01798-GMS <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| MEMORY INTEGRITY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FUHU, INC.,<br><br>Defendant. | Civil Action No. 1:13-cv-01799-GMS<br><br>JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FUJITSU LIMITED AND<br>FUJITSU AMERICA, INC.<br><br>Defendants. | Civil Action No. 1:13-cv-01800-GMS<br><br>JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC. AND MOTOROLA<br>MOBILITY, LLC,<br><br>Defendants. | Civil Action No. 1:13-cv-01801-GMS<br><br>JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HISENSE USA CORPORATION,<br><br>Defendant. | Civil Action No. 1:13-cv-01983-GMS<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| MEMORY INTEGRITY, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>HTC CORPORATION AND<br>HTC AMERICA, INC.,<br><br>        Defendants. | Civil Action No. 1:13-cv-01802-GMS<br><br>JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>HUAWEI DEVICE USA, INC. AND<br>FUTUREWEI TECHNOLOGIES, INC.,<br><br>        Defendants. | Civil Action No. 1:13-cv-01803-GMS<br><br>JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>        Defendant. | Civil Action No. 1:13-cv-01804-GMS<br><br>JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>        Defendant. | Civil Action No. 1:13-cv-01805-GMS<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| MEMORY INTEGRITY, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>LG ELECTRONICS, INC.; LG ELECTRONICS, USA, INC.; AND LG ELECTRONICS MOBILECOMM USA, INC.,<br><br>   Defendants. | Civil Action No. 1:13-cv-01806-GMS<br><br>JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>MICROSOFT CORPORATION,<br><br>   Defendant. | Civil Action No. 1:13-cv-01984-GMS<br><br>JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>MOTOROLA SOLUTIONS, INC.,<br><br>   Defendant. | Civil Action No. 1:13-cv-01807-GMS<br><br>JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>SAMSUNG ELECTRONICS CO. LTD.; SAMSUNG ELECTRONICS AMERICA, LLC; AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>   Defendant. | Civil Action No. 1:13-cv-01808-GMS<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| MEMORY INTEGRITY, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>SONY CORPORATION; SONY ELECTRONICS, INC.; SONY MOBILE COMMUNICATIONS (USA) INC.; AND SONY MOBILE COMMUNICATIONS AB,<br><br>   Defendants. | Civil Action No. 1:13-cv-01809-GMS<br><br>JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>TOSHIBA CORPORATION AND TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>   Defendants. | Civil Action No. 1:13-cv-01810-GMS<br><br>JURY TRIAL DEMANDED |
| MEMORY INTEGRITY, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>ZTE CORPORATION AND ZTE (USA) INC.,<br><br>   Defendants. | Civil Action No. 1:13-cv-01811-GMS<br><br>JURY TRIAL DEMANDED |

## **SCHEDULING ORDER**

   This _____ day of _____ 20\_\_\_, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on **September 11, 2014**, and the parties having determined after discussion that the matters cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **<u>Rule 26(a) Initial Disclosures</u>.**  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before **October 20, 2014**.  The parties need not serve disclosures pursuant to paragraph 3 of the Delaware Default Standard for Discovery.

2. **<u>Joinder of other Parties and Amendment of Pleadings</u>.**  All motions to join other parties and amend the pleadings (except to add allegations of inequitable conduct) shall be filed on or before **March 5, 2015**.  All motions to amend the pleadings to add allegations of inequitable conduct shall be filed on or before **September 15, 2015**.

3. **<u>Reliance Upon Advice of Counsel</u>.**  Each defendant shall inform plaintiffs whether it intends to rely upon advice of counsel as a defense no later than **September 15, 2015**.  If a defendant elects to rely on advice of counsel as a defense, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than **September 30, 2015**.

4. **<u>*Markman* Claim Construction Hearing</u>.**  A *Markman* claim construction hearing shall be held on **September 25, 2015** at **9:30 a.m.**  The *Markman* hearing is scheduled for a total of **one day**.  The parties shall meet and confer to determine the amount of time that will be allocated to each patent during the Markman Hearing, and agree that sufficient time must be allocated both for U.S. Patent No. 7,296,121 asserted against all parties and each of the three additional patents asserted against Intel.  The parties also shall meet and confer regarding narrowing and reducing the number of claim construction issues.  On or before **March 18, 2015**, the parties shall exchange lists of the claim terms they propose to be construed.  On or before **April 6, 2015**, the parties shall exchange proposed claim constructions and supporting intrinsic and extrinsic evidence.  On or before **April 24, 2015**, the parties shall submit a Final Joint Claim

Chart which shall include citations to intrinsic evidence.  The plaintiff shall submit to the court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing.  A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov.  The Joint Appendix shall be filed on the same day as the answering claim construction briefs.  The parties shall file opening claim construction briefs on **May 22, 2015**, and answering claim construction briefs on **July 2, 2015**.  Briefing will be presented pursuant to the court's Local Rules.  However, Intel may file one additional, separate opening claim construction brief addressing claim terms in the three additional patents that Memory Integrity has asserted only against Intel.  Plaintiff will be entitled to file an answering brief in response to each separate opening claim construction brief.

        5.      **Discovery.**  All fact discovery in this case shall be initiated so that it will be completed on or before **November 20, 2015**.  Opening expert reports on issues on which a party bears the burden of proof shall be served on or before **January 29, 2016**.  Rebuttal expert reports shall be served on or before **March 3, 2016**.  Expert Discovery in this case shall be initiated so that it will be completed on or before **March 25, 2016**.  Pursuant to the Court's instructions during the September 11, 2014 Status Conference, the parties have reached the below agreements regarding discovery limitations.  The parties reserve their rights to seek changes to the discovery limitations set forth below to the extent that facts emerge giving rise to good cause for such changes.

        a.      **Discovery and Scheduling Matters:** Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **Joint**

**Letter Agenda**, which is **non-argumentative**, not to exceed two (2) pages outlining the issue(s) in dispute.  A sample letter can be located on this court's website at www.ded.uscourts.gov.  After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference.  Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER,** exclusive of exhibits, describing the issues in contention.  The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES.**  The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

        b.    **Patent Disclosures:**  On or before **October 13, 2014**, plaintiff shall identify the accused product(s) and the asserted claim(s) each product allegedly infringes, and produce the file history for each asserted patent.  On or before **December 8, 2014**, each defendant shall produce to the plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.  On or before **February 2, 2015**, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.  On or before **March 4, 2015**, each defendant shall produce to the plaintiff its initial invalidity contentions for each asserted claim, as well as the invalidating references (e.g., publications, manuals and patents).

        c.    **Document Production:**  Document production shall be substantially complete by **June 19, 2015**.

    d.  **Requests for Admission:**  In the *Intel* case, each side may serve up to 70 requests for admission.  In the non-*Intel* cases, Plaintiff and each Related Defendant Group[1] may serve up to 30 requests for admission in each respective case.  In all of the cases, however, there shall be no limit on the number of requests for admission for the purpose of authenticating documents.  Provided, however, that this provision is not a waiver of any party's ability to argue that a particular set of requests for admission directed to authenticity constitutes an undue burden.

    e.  **Interrogatories:** In the *Intel* case, each side may serve up to 50 interrogatories.  In the non-*Intel* cases, Plaintiff and each Related Defendant Group may serve up to 25 interrogatories in each respective case.

    f.  **Depositions:**  The parties shall attempt in good faith to coordinate depositions across the cases to minimize the burden on the witnesses.  If a defendant in any of the above cases seeks to depose an inventor, Plaintiff, or a third-party, the defendant shall provide notice of the deposition to all parties in all of the above cases.  The total deposition hours set forth below may be used on any non-expert deponent.  For any deposition taken under Rule 30(b)(6), the deposition of each individual Rule 30(b)(6) witness shall be limited to a maximum of 7 hours.  However, this 7-hour time limit shall not apply to an individual Rule 30(b)(6) witness designated for multiple unrelated topics, in which case the parties shall negotiate the deposition time limit in good faith.  The fact that a witness testifies as a Rule 30(b)(6) witness does not preclude the witness from being deposed in his or her individual capacity.

---

[1] The parties agree that a "Related Defendant Group" consists of related corporate entities.  The parties agree that, in each respective case that currently has more than one defendant, those defendants in each such case respectively constitute a "Related Defendant Group."

      i)       In the non-*Intel* cases, Plaintiff and each Related Defendant Group shall attempt in good faith to agree upon deposition limits for each case.

      ii)       In the *Intel* case, each side is permitted to take up to one hundred (100) hours of fact depositions. Memory Integrity and Intel agree that Intel will be permitted sufficient time to depose each of the named inventors on each of the four patents that Memory Integrity has asserted against Intel and agree that Intel will be given time with each inventor commensurate to the number of patents on which that inventor is named. Memory Integrity and Intel shall meet and confer to attempt to agree upon deposition limits for the named inventors on the patents asserted against Intel.

      iii)       For the purposes of calculating the number of deposition hours taken, time will only be counted against a party during the time counsel for that party is examining a witness, and time shall not count against another party simply because that party's counsel is present for the questioning. Any party may rely on the testimony elicited by any other party.

      iv)       These provisions do not permit any party to seek an additional deposition of a witness that such party already had the opportunity to depose, but elected not to depose.

    g.     **Expert Depositions:** The parties agree to meet and confer after the *Markman* hearing to discuss appropriate limits to expert discovery.

    h. **Electronically Stored Information ("ESI"):**  The parties agree to meet and confer in an attempt to reach agreement regarding an ESI protocol, and regarding the format for the production of documents, including ESI, following the December 8, 2014 deadline for defendants' production of core technical documents.

    i. **Email Service:**  The parties consent to service by e-mail.  Service by e-mail will be regarded as personal service under Federal Rule of Civil Procedure 5(b) for purposes of serving documents that are not filed via ECF.  Documents filed via ECF will be served in accordance with the Court's Rules.

    j. **Modifications of Discovery Limits:**  The above limitations on discovery are subject to modification by further order of the Court for good cause shown.  The affected parties may agree in writing to modify these limitations without further order of the Court.

  6. **Confidential Information and Papers filed under Seal.**  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within **thirty (30)** days from the date of this order.  When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

  **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

  7. **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, these matters are referred to the United States Magistrate Judge for the purpose of exploring the possibility of a settlement.  The parties shall wait to be contacted by the assigned United States Magistrate Judge.

8.       **Summary Judgment Motions.**  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than **April 8, 2016**.  Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than **April 22, 2016**.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before **April 29, 2016**.  If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument.  **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9.       **Case Dispositive Motions.** To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions.  Briefing will be presented pursuant to the Court's Local Rules.  The parties may agree on an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.  Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10.      **Applications by Motion.**  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.      **Oral Argument.**  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12.     **Pretrial Conference.**  On **September 12, 2016**, beginning at **10 a.m.**, the Court will hold a Pretrial Conference in the *Intel* case only, C.A. No. 13-CV-1804-GMS in Chambers. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft.  Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order.  **Motions *in limine*[2]:  NO MOTIONS *IN LIMINE* SHALL BE FILED;** instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day).  In the *Intel* case only, C.A. No. 13-CV-1804-GMS, the parties shall file with the court the joint Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov on or before **close of business on August 1, 2016**.

13.     **Trial.**  In the *Intel* case only, C.A. No. 13-CV-1804-GMS, the matter is scheduled for a **10 day jury trial** beginning at **9:30 a.m.** on **September 26, 2016**.  The *Intel* case is currently set as the first trial.  However, the Court will be prepared to address requests to substitute a different case for the first trial for good cause, as events evolve during each of the respective cases.  The Court will set further trials as needed at a later date.

---

[2]     The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

14. **Scheduling.**  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

<div style="text-align: right;">

_____
UNITED STATES DISTRICT JUDGE

</div>