**Renée E. Rothauge, OSB #903712**
ReneeRothauge@markowitzherbold.com
MARKOWITZ HERBOLD PC
Suite 3000, Pacwest Center
1211 SW Fifth Avenue
Portland, OR  97204-3730
Telephone: (503) 295-3085
Fax:  (503) 323-9105

**Michael J. Summersgill (*pro hac vice*)**
Michael.summersgill@wilmerhale.com
**Jordan L. Hirsch (*pro hac vice*)**
Jordan.hirsch@wilmerhale.com
**Sean K. Thompson (*pro hac vice*)**
Sean.thompson@wilmerhale.com
WILMERHALE LLP
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

**Grant K. Rowan (*pro hac vice*)**
Grant.rowan@wilmerhale.com
WILMERHALE LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
Telephone: (202) 663-6000
Fax: (202) 663-6011

**Arthur W. Coviello (*pro hac vice*)**
Arthur.coviello@wilmerhale.com
WILMERHALE LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Fax: (650) 858-6100

*Attorneys for Intel Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MEMORY INTEGRITY, LLC**,<br><br>               Plaintiff,<br><br>   v.<br><br>**INTEL CORPORATION,**<br><br>               Defendant. | Case No.: 3:15-cv-00262-SI<br><br>**AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |

Plaintiff Memory Integrity, LLC ("Plaintiff") and Defendant Intel Corporation ("Intel") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.  **<u>PURPOSES AND LIMITATIONS</u>**

(a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case and shall not be used directly or indirectly for any other purpose whatsoever.

(b)    Plaintiff shall not share Protected Material produced by Intel with the other defendants in this litigation, absent express written permission from Intel.

(c)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

**Page 2 -    AGREED PROTECTIVE ORDER**

2.    **DEFINITIONS**

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)    "Outside Counsel" means (i) counsel of record for a Party and (ii) partners, associates, paralegals, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel.

(d)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(f)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(g)    "Source Code" means computer code, scripts, assembly, binaries, object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

**Page 3 -    AGREED PROTECTIVE ORDER**

3.    **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4.    **SCOPE**

(a)    The protections conferred by this Order cover not only Protected Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any court filing pursuant to the terms of this Order.

(d)    This Order is without prejudice to the right of any Party, for good cause shown, to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue

proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)    Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person on behalf of the Plaintiff who receives one or more items of Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" by Intel, or one or more items of technical Protected Material[1] designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" by Intel, shall not be involved, directly or indirectly, in any of the following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to any cache coherence feature, function, or method that, generally or as described in asserted patents, reduces cache-coherency-related traffic, improves throughput of cache coherency-related traffic, maintains cache coherence, and/or reduces latency or delay of cache coherency-related traffic before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to any cache coherence feature, function, or method that, generally or as described in asserted patents, reduces cache-coherency-related traffic, improves throughput of cache coherency-related traffic, maintains cache coherence, and/or reduces latency or delay of cache coherency-related traffic, *provided*

---

[1] Intel may indicate which of its "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" Protected Material is "technical," and thus subject to the provisions of paragraph 5(b), by additionally designating such Protected Material as "SUBJECT TO PROSECUTION BAR" in the same manner that other designations may be made under Paragraph 6 of this Protective Order.  Intel's designation of an item of Protected Material as "SUBJECT TO PROSECUTION BAR" may be challenged in accordance with Paragraph 13 of this Protective Order.  Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions of paragraph 5(b) regardless of whether or not it also bears the designation "SUBJECT TO PROSECUTION BAR."

*that* nothing in this provision is intended to preclude any counsel from participating in activities relating to the settlement of litigations.  These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent.  In addition, notwithstanding the foregoing, Memory Integrity's Outside Counsel, and outside experts or consultants for Memory Integrity under paragraph 7(b)(iv) who have been previously approved by Intel pursuant to paragraph 11, may participate in post-issuance proceedings (including reexaminations, *inter partes* reviews, covered business method reviews, or reissue proceedings) on behalf of a patentee to the extent, and only to the extent, that they do not participate in any way in the crafting of or advising on new or amended claims or disclose Protected Material.  These prohibitions shall begin when access to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

        (c)    <u>Secure Storage, No Export</u>. Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.  The Producing Party shall label any materials subject to United States Export Administration Regulations with the designation "Export Controlled" ("Export Controlled Material").  The Receiving Party shall not provide Export Controlled Material to a foreign national without prior consent of the Producing Party or order of the Court. The term "foreign national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylum or refugee status, or temporary resident granted amnesty.

**Page 6 -    AGREED PROTECTIVE ORDER**

(d)    <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)    <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

(f)    <u>Cross-Production of Defendant Confidential Material</u>.  Notwithstanding the provisions of this Protective Order, Plaintiff shall not disclose Intel's Protected Material to any other defendant or defendants through Court filings, expert reports, deposition, discovery requests, discovery responses, or any other means, without Intel's express prior written consent.

6.    **DESIGNATING PROTECTED MATERIAL**

(a)    <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)    <u>Written Discovery and Documents and Tangible Things</u>.  Written

discovery, documents (which include "electronically stored information," as that phrase is used

in Federal Rule of Procedure 34), and tangible things that meet the requirements for the

confidentiality designations listed in paragraph 6(a) may be so designated by placing the

appropriate designation on every page of the written material prior to production.  For digital

files being produced, the Producing Party may mark each viewable page or image with the

appropriate designation, and mark the medium, container, and/or communication in which the

digital files were contained.  In the event that original documents are produced for inspection, the

original documents shall be presumed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)    <u>Native Files</u>.  Where electronic files and documents are produced in native

electronic format, such electronic files and documents shall be designated for protection under

this Order by appending to the file names or designators information indicating whether the file

contains "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY,"

or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material,

or shall use any other reasonable method for so designating Protected Materials produced in

electronic format. When electronic files or documents are printed for use at deposition, in a court

proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to

paragraph 11, the party printing the electronic files or documents shall affix a legend to the

printed document corresponding to the designation of the Designating Party and including the

production number and designation associated with the native file.

(d)    <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may

designate depositions and other testimony with the appropriate designation by indicating on the

record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of the deposition or other testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of

exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 7.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Producing Party's Outside Counsel; any copying, document imaging, database services, technology support, or clerical litigation support services working at the direction of such Outside Counsel; and the Producing Party's in-house counsel[2];

(ii)    The Receiving Party's Outside Counsel and any copying, document imaging, database services, technology support, or clerical litigation support services working at the direction of such Outside Counsel;

(iii)    Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, provided that such representatives are not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved

---

[2] For the avoidance of doubt, nothing in this paragraph shall alter a Producing Party's rights under paragraphs 4(b) and/or 5(e) regarding a Producing Party's use and disclosure of its own Protected Material.

objections to such disclosure exist after proper notice has been given to all Parties as set forth in paragraph 11;

(iv)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction without prior consent of the Producing Party or order of the Court; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in paragraph 11.;

(v)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(vi)    The Court and court personnel;

(vii)    Graphics, translation, design, and/or trial consulting personnel, provided that (a) such individuals have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such individuals access the materials in the United States only, and do not transport them to or access them from any foreign jurisdiction without prior consent of the Producing Party or order of the Court; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in paragraph 11;

**Page 11 -  AGREED PROTECTIVE ORDER**

(viii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(ix)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(x)    In connection with a deposition or hearing: current employees of the Producing Party, current or former officers or directors of the Producing Party, any experts retained by the Producing Party for the case, any witness designated to testify pursuant to Fed. R. Civ. P. 30(b)(6) by the Producing Party, any person identified on the face of the Protected Material as an author, addressee, or copy recipient of such information, and any person established to have, in the ordinary course of business, seen the Protected Material; and

(xi)    Any other person with the prior written consent of the Producing Party.

8.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or

**Page 12 -  AGREED PROTECTIVE ORDER**

marketing strategy, product development information, engineering documents, testing

documents, employee information, and other non-public information of similar competitive and

business sensitivity.  The Parties further agree that information regarding their corporate

structure or sources of financing shall not merit "CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY" designation and shall not be designated as such.  To the extent a document

contains information regarding a Party's corporate structure or sources of financing, but

otherwise contains information that could be properly designated as "CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY," upon request of the Receiving Party, the Producing

Party shall produce an additional version of the document, with the Attorneys' Eyes Only

material redacted, and bearing the legend "REDACTED-ATTORNEYS' EYES ONLY."  The

redacted version may also bear the "CONFIDENTIAL" designation.

     (b)     Unless otherwise ordered by the Court, Discovery Material designated as

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to

individuals listed in paragraphs 7(b)(i)-(ii), (iv-vii), and (ix)-(xi).

    9.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –
OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

     (a)     To the extent production of Source Code becomes necessary to the

prosecution or defense of the case, a Producing Party may designate Source Code as

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it

comprises or includes confidential, proprietary, and/or trade secret Source Code.

     (b)     Nothing in this Order shall be construed as a representation or admission

that Source Code is properly discoverable in this action, or to obligate any Party to produce any

Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in paragraph 10, and may be disclosed, subject to paragraph 10, solely to individuals listed in paragraphs 7(b)(i)-(ii), (iv)-(vi), and (ix)-(xi).  Additionally, Discovery Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" may be disclosed to individuals listed in paragraph 7(b)(vii) only to the extent necessary to (i) make such material available for exhibiting at an imminent trial or hearing; or (ii) translate non-English language content contained in such material into English.

10.     **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)     Source Code shall be made available for inspection in electronic format at the office of the Producing Party's Outside Counsel.  Source Code will be made available for inspection between the hours of 9 a.m. and 6:00 p.m., local time, on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)     Prior to the first inspection of any requested Source Code, the Receiving Party shall provide ten (10) days' notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide three (3) days' notice prior to any additional inspections.

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel, consultants, and/or experts, consistent with the provisions of paragraph 9(c), in a secure room on a secured computer without Internet access or

**Page 14 -  AGREED PROTECTIVE ORDER**

network access to other computers and on which all access ports have been disabled (except for

the ports necessary for a keyboard, mouse, and monitor), as necessary and appropriate to prevent

and protect against any unauthorized copying, transmission, removal or other transfer of any

Source Code outside or away from the computer on which the Source Code is provided for

inspection (the "Source Code Computer" in the "Source Code Review Room").  The Source

Code shall be provided on the Source Code Computer in a searchable and non-editable, write-

protected format.  The Source Code Computer, including a keyboard, mouse, and monitor, shall

be reasonably configured to permit the receiving Party to review the Source Code.  The

Producing Party shall provide the Receiving Party with information explaining how to start, log

on to, and operate the Source Code Computer in order to access the produced Source Code on

the Source Code Computer.  Prior to the Receiving Party's initial review, the Producing Party

shall install software tools that are sufficient for viewing and searching the code produced on the

platform produced.  After the Producing Party provides the manifest pursuant to paragraph

10(c)(ii), the parties shall meet and confer regarding what, if any, additional software tools are to

be installed to facilitate review of the Source Code.  The parties shall also meet and confer if,

after a subsequent review, the Receiving Party requests additional software tools to be installed

to facilitate review of the Source Code.  Any additional software tools must be commercially

available and must be available on open source terms or the Receiving Party must otherwise

possesses an appropriate license thereto.  Notwithstanding any other provision of this Protective

Order, in no event shall additional tools or applications that have the effect of altering,

modifying, deleting, copying, or otherwise permitting the reproduction or removal of any Source

Code from the Source Code Computer be installed on the Source Code Computer.  To the extent

the Parties agree that additional software tools are to be installed, the Receiving Party must

**Page 15 -  AGREED PROTECTIVE ORDER**

provide the Producing Party with the CD, DVD, or other media containing such licensed software tool(s), or a download link to such tool(s), at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  The Producing Party and Receiving Party shall promptly meet and confer in good faith to resolve any disputes regarding the configuration of the Source Code Computer or the Source Code Review Room.

(ii)     No later than seven (7) days before the first inspection of the Source Code (and promptly upon any supplemental production of Source Code), the Producing Party shall serve on the Receiving Party a manifest of the contents of the Source Code Computer that contains: (i) an identification of the operating system of the Source Code Computer; (ii) an identification of the source code language(s) of the Source Code; (iii) a list of what source code review tools are on the Source Code Computer; and (iv) a list of the filename, location, and MD5 checksum of each file of Source Code on the Source Code Computer.

(iii)    The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.

(iv)    The Receiving Party is prohibited from bringing recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind Source Code Review Room.

(v)     The Producing Party shall provide a room in addition to the Source Code Review Room for the use of Source Code reviewers during the course of their review (the "Secondary Room").

**Page 16 -  AGREED PROTECTIVE ORDER**

(vi)     The Receiving Party's Outside Counsel, consultants, and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes on the Source Code Computer itself.  If any individual inspecting Source Code seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks.  No loose paper or other paper that can be used in a printer may be brought into the Source Code Review Room.  All such notes shall be marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE." The parties acknowledge that any notes or other work product taken or developed while in the Source Code Review Room may be later transcribed in electronic form.

(vii)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to the extent reasonably necessary to ensure compliance with the provisions of this paragraph, but will not monitor, listen in on, or otherwise inhibit the Receiving Party's privileged communications or note-taking in the Source Code Review Room or Secondary Room, and the Producing Party's supervision will not be deemed to cause any waiver or other loss of any privilege covering such notes or communications.

(viii)     No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Receiving Party may request that the Producing Party print limited portions of the Source Code, however, the Receiving Party may not request printed copies for the purposes of reviewing the Source Code other than electronically in the first instance.  The Receiving Party may request that the Producing Party print up to 150 printed pages of limited portions of the Source Code with

respect to each accused product.  The parties acknowledge that, at this time, Memory Integrity does not know the volume of potentially relevant Source Code for the accused products, and Intel has not received infringement contentions from Memory Integrity.  Accordingly, after the initial source code review by a Receiving Party has begun and Memory Integrity has served its infringement contentions on Intel, the Producing Party and the Receiving Party shall meet and confer in good faith regarding whether additional printed pages are required.  During the meet and confer, the Receiving Party must provide particularized justifications for its request for additional printed pages, however, the Producing Party may not unreasonably withhold its consent to the Receiving Party's justified request for additional printed pages.   If the Producing Party and the Receiving Party cannot agree regarding the provision of additional printed pages, the Receiving Party may seek the Court's assistance in resolving the dispute.  In the event that the Receiving Party seeks the Court's assistance, the burden shall be on the Receiving Party to justify its request for additional printed pages.

(ix)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.

(x)     Unless otherwise agreed by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party shall remove all notes, documents, and all other materials from the Source Code Review Room and Secondary Room.  The Producing Party shall not be responsible for any items left in the rooms following each inspection session, but shall not intentionally attempt to review privileged or confidential

information left by the Receiving Party.  All authorized persons shall be required to show a government-issued photo identification card confirming their identity prior to any access to the Source Code Review Room or the Source Code Computer.  Access to the Source Code Review Room or the Source Code Computer may be denied to any individual who fails to provide proper identification.

(xi)    Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Source Code review site.

(xii)    The Receiving Party may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to paragraph 10(c)(vii), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. The Receiving Party shall provide a copy of this log to the Producing Party upon reasonable advanced notice.

(xiii)    The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of ten (10) individuals identified by the Receiving

**Page 19 -  AGREED PROTECTIVE ORDER**

Party shall have access to the printed portions of Source Code (except insofar as such code appears in any court filing or expert report).

(xiv)    To the extent reasonably necessary and pertinent to the expected testimony, the Receiving Party may make three additional copies of any printed Source Code in connection with a deposition of witness(es) permitted access to such Source Code pursuant to paragraph 9(c).  Any such additional copy made for the purpose of a deposition, and which is not marked as an exhibit to the deposition, shall be promptly destroyed after the conclusion of the deposition.  Such additional deposition copies, and their disposition, shall be recorded in the Receiving Party's log.  The parties presently dispute whether, and under what circumstances, and subject to what security measures, it would be appropriate for the Producing Party, at the request of the Requesting Party, to make a Source Code Computer available at deposition(s) or hearing(s) for real time access to the electronic Source Code.  In the event that the Requesting Party expressly requests that the Producing Party's Source Code be made available electronically at a deposition or hearing, the parties shall promptly meet and confer, and if they are unable to reach agreement, either party may present the dispute to the Court pursuant to its procedures for resolving discovery disputes.

(xv)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code except as permitted in this sub-paragraph).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from

**Page 20 -  AGREED PROTECTIVE ORDER**

pleadings and other papers whenever possible. To the extent reasonably necessary and pertinent to the issue being addressed, the Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, and internal drafts thereof (a "Source Code Document"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. Only those portions of Source Code reasonably necessary and specifically referred to in such Source Code Document may be scanned into a PDF or similar electronic format. The Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

11. **NOTICE OF DISCLOSURE**

(a)     Prior to disclosing any Protected Material to any person described in paragraphs 7(b)(iii), 7(b)(iv), or 7(b)(vii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)     the name of the Person;

(ii)     the present employer and title of the Person;

For persons described in paragraphs 7(b)(iii) or 7(b)(iv), the written notice shall also include:

(iii)     an up-to-date curriculum vitae or resume of the Person;

(iv)    an identification of all of the Person's past and current employment and consulting relationships within the last seven (7) years, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of cache coherency in a multiprocessor and/or multicore computer system, or relating to the acquisition of intellectual property assets relating to cache coherency in a multiprocessor and/or multicore computer system;

(v)    an identification of all pending patent applications and patents on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi)    a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of cache coherency in a multiprocessor and/or multicore computer system, or the acquisition of intellectual property assets relating to cache coherency in a multiprocessor and/or multicore

**Page 22 -  AGREED PROTECTIVE ORDER**

computer system.  To the extent that a Person is prohibited from providing a disclosure required by this section by agreement or law, the parties shall meet and confer regarding the issue.

(b)    Within ten (10) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period.  If the Producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)    For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)    Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

12.    **NOTICE TO THIRD PARTIES**

(a)    A Party is not required to produce Protected Material of a third party until the Party satisfies any obligation the Party may have to the third party to notify the third party of

**Page 23 -  AGREED PROTECTIVE ORDER**

the Party's production of the third party's Protected Material.  A Party should make such notification reasonably promptly after determining that such notification is required.

## 13.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)   A Party shall not be obligated to challenge the propriety of any designation of Protected Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)   Any challenge to a designation of Protected Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)   The Producing Party and the Receiving Party shall confer in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)   Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Protected Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)   Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated under this Order consistent with its existing designation until one of the following occurs: (a) the Party who designated the Discovery

**Page 24 -  AGREED PROTECTIVE ORDER**

Material in question withdraws or otherwise changes such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation or otherwise rules that a different designation should be applied.

14.     **<u>SUBPOENAS OR COURT ORDERS</u>**

(a)     If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Protected Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

15.     **<u>FILING PROTECTED MATERIAL</u>**

(a)     Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, or as otherwise specified herein, a Receiving Party may not file (except under seal) or disclose in the public record any Protected Material.

(b)     Any Party is authorized under Local Rule 5.1.3 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

16.    **PRIVILEGED MATERIAL**

(a)    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material ("Clawed-Back Materials") it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity shall promptly notify the recipient(s) in writing.

(b)    Each Party receiving such notice shall immediately return or destroy such all such Clawed-Back Materials, and all copies thereof, and shall certify that all such Clawed-Back Materials have been returned or destroyed within five (5) days.  No use shall be made of Clawed-Back Materials during depositions, through motion practice, at trial, or otherwise.  Outside Counsel and their vendors shall not be required to delete Clawed-Back Materials that may reside on their respective firms' electronic back-up systems, but they are precluded from accessing or using such Clawed-Back Materials for any purpose.

(c)    The party sending such notice shall provide a supplemental privilege log identifying such Clawed-Back Materials within fourteen (14) days of its notice.  For inadvertently produced information that would not otherwise have to be logged, no supplemental privilege log is required.  Any party may move the Court for an Order compelling production of any Clawed-Back Materials pursuant to the discovery provisions of the Scheduling Order.  The motion shall not

assert as a ground for production the fact of the earlier inadvertent production. The motion shall also not disclose or otherwise use the content of the Clawed-Back Materials (beyond any information appearing on the above-referenced privilege log).

17.     **<u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly. Outside Counsel and their vendors shall not be required to delete such Discovery Material that may reside on their respective firms' electronic back-up systems, but they shall not make further copies of such improperly designated Discovery Material.

(b)     Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis. Any such redesignation shall not disqualify anyone who reviewed

such redesignated materials while they were not marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in paragraph 5(b).

## 18.     INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)     In the event of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)     Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

## 19.     FINAL DISPOSITION

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Protected Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Protected Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return or destruction of

**Page 28 -  AGREED PROTECTIVE ORDER**

Protected Material, Outside Counsel may retain the pleadings, discovery requests and responses, expert reports, transcripts, exhibits, correspondence and attorney and consultant work product (but not document productions) for archival purposes.  Additionally, Outside Counsel and their vendors shall not be required to delete such Protected Material that may reside on their respective firms' electronic back-up systems, but they shall not use or make further copies of such Protected Material for any purpose.

20.    **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)    Drafts of reports or disclosures of testifying experts, correspondence, and reports and other written materials, including drafts, of consulting experts, shall be protected from discovery according to the provisions of Fed. R. Civ. P. 26(b)(3) and (4).

(b)    Nothing in Protective Order, include paragraph 20, shall alter or change in any way the requirements in paragraph 10 regarding Source Code, and paragraph 10 shall control in the event of any conflict.

21.    **MISCELLANEOUS**

(a)    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future for good cause shown.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)    Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

**Page 29 -  AGREED PROTECTIVE ORDER**

(c)    <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)    <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)    <u>Modification by Court</u>.  The Court may modify this Order *sua sponte* in the interests of justice, or by application of a Party for good cause shown.

(g)    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures

**Page 30 -  AGREED PROTECTIVE ORDER**

of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders.

(h)   <u>Modification of Waiver by the Parties</u>.  The Producing Party and Receiving Party may agree in writing through their respective Outside Counsel to expressly alter or waive specified provisions or protections provided for in this Protective Order with respect to particular information or material.

(i)   <u>Applicability to Third Party Discovery</u>.  To the extent that any discovery is taken of persons who are not Parties ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, the Third Parties may designate, pursuant to the provisions herein, as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL  -- ATTORNEYS' EYES ONLY  SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties, which shall be treated by the Receiving Party(ies) according to the provisions herein.

(j)   <u>Not Applicable to Trial</u>.  Except as expressly stated herein to the contrary, the Order applies to pretrial discovery, and the provisions of this Order shall not be deemed to prevent the Parties from introducing any Protected Material into evidence at trial, or from using any information contained in Protected Material at trial, subject to any pretrial or other further order issued by this Court.

(k)   <u>Effective Immediately</u>.  This Protective Order shall become effective as a stipulation between the Parties immediately upon filing, notwithstanding the pendency of

**Page 31 -  AGREED PROTECTIVE ORDER**

approval by the Court, and the Parties shall treat any Protected Material produced before Court

approval as provided herein.

    DATED this ___ day of June, 2015.

                     Respectfully submitted,

| MARKOWITZ HERBOLD PC | FARNEY DANIELS PC |
|---|---|
| By: */s/ Renée E. Rothauge* | By: */s/ John Mansfield* |
| Renée E. Rothauge, OSB #903712 | Jonathan Baker (*Pro Hac Vice*) |
| (503) 295-3085 | Michael D. Saunders (*Pro Hac Vice*) |
| | Gurtej Singh (*Pro Hac Vice*) |
| WILMERHALE LLP | Bryan Atkinson (*Pro Hac Vice*) |
| Michael J. Summersgill (*pro hac vice*) | |
| Jordan L. Hirsch (*pro hac vice*) | MANSFIELD LAW |
| Sean K. Thompson (*pro hac vice*) | John Mansfield, OSB # 055390 |
| Grant K. Rowan (*pro hac vice*) | (971) 271-8615 |
| Arthur W. Coviello (*pro hac vice*) | |
| | Attorneys for Plaintiff |
| Attorneys for Defendant Intel Corporation | Memory Integrity, LLC |

    IT IS SO ORDERED, this 3rd day of June, 2015.

                     /s/ Michael H. Simon_____
                     United States District Judge

<u>**EXHIBIT A**</u>

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

**MEMORY INTEGRITY, LLC**,                                    Case No.: 3:15-cv-00262-SI
                                            Plaintiff,

    v.

**INTEL CORPORATION,**

_____ Defendant.

        I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in these actions.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Fill-in as appropriate:

_____ I have been retained as an expert and/or consultant for Plaintiff.
_____ I am an in-house counsel or designated representative of Plaintiff.
_____ I have been retained to provide graphics, translation, design, and/or trial consulting personnel to Plaintiff.

I agree to the following provision regarding the return or destruction of Protected Material:

        Promptly upon termination of the action against a specific defendant, I will destroy, or return to the outside counsel for the party by whom I am retained or employed, all documents and things designated as Protected Material by that defendant that came into my possession, and all documents and things that I have prepared relating thereto.  Furthermore, promptly upon termination of my participation in the actions, I will destroy, or return to the outside counsel for the party by whom I am retained or employed, all documents and things designated as Protected Material by any defendant or any non-party that came into my possession, and all documents and things that I have prepared relating thereto.

_____ I have been retained as an expert and/or consultant for the following Defendant(s): _____.

_____ I am an in-house counsel or designated representative for the following Defendant(s): _____.

_____ I have been retained to provide graphics, translation, design, and/or trial consulting services to the following Defendant(s): _____.

I agree to the following provision regarding the return or destruction of Protected Material:

**Page 33 -  AGREED PROTECTIVE ORDER**

Promptly upon termination of my participation in the actions, or upon termination of the actions against all of the above identified defendants, I will destroy, or return to the outside counsel for the party by whom I am retained or employed, all documents and things designated as Protected Material by Plaintiff or any non-party, or by any defendant who did not retain or employ me, that came into my possession, and all documents and things that I have prepared relating thereto.

My personal information is as follows:

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____
                         [Date]

_____
[Signature]

**Page 34 -  AGREED PROTECTIVE ORDER**