**Renée E. Rothauge**, OSB #903712
ReneeRothauge@markowitzherbold.com
MARKOWITZ HERBOLD PC
Suite 3000, Pacwest Center
1211 SW Fifth Avenue
Portland, OR  97204-3730
Telephone: (503) 295-3085
Fax:  (503) 323-9105

**Michael J. Summersgill** (*pro hac vice*)
**Jordan L. Hirsch** (*pro hac vice*)
**Sean K. Thompson** (*pro hac vice*)
WILMERHALE LLP
60 State Street
Boston, MA  02109
(617) 526-6000

**Grant K. Rowan** (*pro hac vice*)
WILMERHALE LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 663-6000

**Arthur W. Coviello** (*pro hac vice*)
WILMERHALE LLP
950 Page Mill Road
Palo Alto, CA  94304
(650) 663-6000

*Attorneys for Defendant Intel Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **MEMORY INTEGRITY, LLC**, | Case No.: 3:15-cv-00262-SI |
| Plaintiff, | Defendant Intel Corporation's MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF Pursuant to Fed. R. Civ. P. 37(a) and LR 37-1 |
| v. | |
| **INTEL CORPORATION**, | |
| Defendant. | REQUEST FOR ORAL ARGUMENT |

**DEFENDANT INTEL CORPORATION'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF**

## TABLE OF CONTENTS

**Pages**

LR 7-1 COMPLIANCE

MOTION

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ....................................................1

I. INTRODUCTION ................................................................................................................1

II. BACKGROUND .................................................................................................................2

    A. MI Asserts That Intel Microprocessors Infringe 110 Claims Of Five Patents. ................2

    B. Intel Produced Substantial Discovery Regarding Its Products. ........................................3

III. MI SHOULD BE COMPELLED TO PROVIDE CORPORATE TESTIMONY..................3

    A. MI Refuses To Provide Corporate Testimony On Multiple Topics. ...............................3

    B. The Noticed Rule 30(b)(6)Topics Are Relevant...............................................................4

    C. MI Has No Basis To Refuse To Produce A Witness On The Noticed Topics. ................5

IV. MI SHOULD BE COMPELLED TO PRODUCE RELEVANT DISCOVERY ..................7

    A. MI Failed To Provide Discovery For Its Purchase And Attempted Licensing Of The Asserted Patents. ................................................................................................................7

    B. MI Has No Basis For Refusing To Produce The Requested Discovery. .........................8

V. MI SHOULD BE HELD TO ITS INFRINGEMENT CONTENTIONS OR COMPELLED TO PROVIDE COMPLETE INFRINGEMENT CONTENTIONS...............9

VI. CONCLUSION...................................................................................................................10

LR 7-2(b)(2) COMPLIANCE

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*AMP, Inc. v. Molex, Inc.*,
  1985 WL 2284 (N.D. Ill. Aug. 9, 1985) ...................................................................................5

*Bryant v. Mattel, Inc.*,
  2007 WL 5430885 (C.D. Cal. July 2, 2007) ............................................................................5

*Diagnostics Sys. Corp. v. Symantec Corp.*,
  2008 WL 9396387 (C.D. Cal. Aug. 12, 2008).......................................................................10

*Ecrix Corp. v. Exabyte Corp.*,
  95 F. Supp. 2d 1155 (D. Colo. 2000) ..................................................................................4, 6

*Fresenius Med. Care Holding, Inc. v. Baster Int'l, Inc.*,
  224 F.R.D. 644 (N.D. Cal. 2004) ............................................................................................9

*In re MSTG, Inc.*,
  675 F.3d 1337 (Fed. Cir. 2012)...............................................................................................7

*IRIS Corp. v. United States*,
  84 Fed. Cl. 489 (Fed. Cl. 2008) ..............................................................................................7

*Oracle Am., Inc. v. Google, Inc.*,
  2012 WL 877125 (N.D. Cal. Mar. 15, 2012)..........................................................................9

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006).............................................................................................10

*Phoenix Soln's, Inc. v. Wells Fargo Bank*,
  254 F.R.D. 568 (N.D. Cal. 2008)............................................................................................7

*Smith v. General Mills, Inc.*,
  2006 WL 7276959 (S.D. Ohio Apr. 13, 2006) .......................................................................5

*Thought, Inc. v. Oracle Corp.*,
  2014 WL 3940294 (N.D. Cal. Aug. 11, 2014) .......................................................................9

*United States v. Taylor*,
  166 F.R.D. 356 (M.D.N.C. 1996) ...........................................................................................6

**RULES**

Federal Rule of Civil Procedure 30 ....................................................................................1, 3, 5, 6

Federal Rule of Evidence 408.............................................................................................. 7, 9

## LR 7-1 COMPLIANCE

Pursuant to LR 7-1, the parties made a good faith effort by telephone conference to resolve these disputes and have been unable to do so.

## MOTION

Pursuant to Federal Rule of Civil Procedure 37 and LR 37-1, Defendant Intel Corporation ("Intel") respectfully moves for an order (1) compelling Plaintiff Memory Integrity, LLC ("MI") to immediately produce a corporate witness on Intel's Rule 30(b)(6) Topics 8, 9, 11, 12, 14, 16, 18, 19-26, 28, 29, 32 (Ex.[1] 1 [Rule 30(b)(6) Notice]); (2) compelling MI to supplement its document production and interrogatory responses—specifically, Interrogatory No. 8 (Ex. 2 [Interrogatories]) and Request for Production ("RFP") Nos. 16, 45-46 (Ex. 3 [RFPs])—regarding MI's purchase and attempted licensing of the asserted patents; and (3) preclude MI from relying on any alleged evidence or infringement theory that it has not provided in its infringement contentions or require MI to immediately provide infringement contentions for three generations of accused Intel microprocessors (code named Westmere, Ivy Bridge, and Broadwell) for which it has refused to provide specific contentions.

---

[1] "Ex." refers to the exhibits attached to the Declaration of Arthur W. Coviello in Support of Defendant Intel Corporation's Motion to Compel.

**DEFENDANT INTEL CORPORATION'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF**

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

## I. INTRODUCTION

MI alleges that Intel's microprocessors infringe 110 claims of five asserted patents. Yet in the nine months since discovery began, MI has refused to provide discovery on many of the most basic topics. MI—whose only employee is a patent lawyer and whose only business is asserting patents—attempts to justify this refusal by asserting that the relevant information regarding its claims is in the hands of its lawyers and experts. MI's refusal is improper.

*First*, only one week before the scheduled Rule 30(b)(6) deposition of MI's corporate representative, and over six weeks after Intel served its deposition notice, MI served its objections and informed Intel that it was refusing to designate a witness to testify regarding *18 of the 33 noticed topics*. MI refused to produce a witness regarding: (i) MI's knowledge of the subject matter, conception, and reduction to practice of the asserted patents; (ii) the basis for MI's infringement allegations; (iii) the prior art to the asserted patents; (iv) MI's efforts to license the asserted patents; and (v) the basis for MI's damages claims. These issues are central to this case and are routinely the subject of discovery.

*Second*, MI refused to produce any documents or substantively respond to interrogatories regarding multiple relevant topics, including MI's negotiations to purchase the asserted patents from the prior owner (Sanmina Corporation) and MI's subsequent attempts to license the patents.

*Third*, MI refused to provide infringement contentions for half of the accused products in this case (*i.e.*, Intel's Westmere, Ivy Bridge, and Broadwell microprocessors).

Accordingly, Intel requests that the Court: order MI to immediately produce a corporate witness on all noticed Rule 30(b)(6) deposition topics; order MI to supplement its document production and interrogatory responses to address the noted deficiencies; and preclude MI from presenting any infringement theories that are not included in its current contentions or require it

PAGE 1 – DEFENDANT INTEL CORPORATION'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF

to immediately provide contentions on the remaining accused microprocessors.

## II.     BACKGROUND

### A.     MI Asserts That Intel Microprocessors Infringe 110 Claims Of Five Patents.

Intel designs, manufactures, and sells microprocessors (*i.e.*, the brains of computers). Intel invented the microprocessor in 1971 and, through a massive commitment to research and development, has consistently developed the fastest, most powerful, and most efficient microprocessors since. The accused microprocessors are the product of that effort.

According to MI, its business is "licensing rights to its intellectual property." (*See* Dkt. 17-1 [Decl. of Jennifer Towle] at ¶ 3.) MI bought the asserted patents from Sanmina Corporation ("Sanmina") in June 2013. (*See* Ex. 4 [Purchase Agreement] at 16.)[1] MI does not purport to practice the patents—it sells no products.[2] Instead, in November 2013, only five months after buying the patents, and with no warning, MI filed this case against Intel (and at least 20 cases against other defendants (Dkt. 90-4)).

MI accuses Intel microprocessors sold between 2008 and the present of infringing 110 claims of the five asserted patents. (*See* Ex.5 [Infringement Contentions] at 2.) The asserted patents are directed to particular features related to "cache coherency"—*i.e.*, the process of ensuring that data stored in multiple cache memories remains consistent in a multiple microprocessor system. (*See*, *e.g.*, Ex. 6 ['409 patent] at 1:22-26 ("[T]he present invention provides techniques for improving data access efficiency while maintaining cache coherency in a multiple processor system having a multiple cluster architecture.").)

---

[1] The asserted patents are U.S. Patent Nos. 7,107,409 ("'409 patent"), 7,103,636 ("'636 patent"), 7,296,121 ("'121 patent"), 8,572,206 ("'206 patent"), and 8,898,254 ("'254 patent").
[2] MI is what courts call a "non-practicing entity."

**PAGE 2 – DEFENDANT INTEL CORPORATION'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF**

### B.   Intel Produced Substantial Discovery Regarding Its Products.

Fact discovery in this case began in September 2014. (Dkt. 20.) Since then, Intel has provided substantial discovery to MI. Intel produced over 900,000 pages of technical documents describing the accused products; it made source code for the accused products available for review; and it provided detailed responses to MI's interrogatories that, among other things, specifically identified documents describing the accused features of the accused products and Intel's marketing materials. (*See* Coviello Decl. ¶ 2.) MI, in contrast, and as set forth below, has refused to provide even the most basic discovery in response to Intel's discovery requests.

### III.   MI SHOULD BE COMPELLED TO PROVIDE CORPORATE TESTIMONY.

#### A.   MI Refuses To Provide Corporate Testimony On Multiple Topics.

Intel served its Rule 30(b)(6) Notice on April 27, 2015. (Ex. 1.) After multiple requests from Intel, MI agreed to meet and confer regarding the deposition on May 15, 2015. During the meet and confer, MI's counsel agreed to produce a witness on June 17, 2015 in Georgetown, Texas, but stated that MI had not yet decided whether it would designate a witness on all of the noticed topics. Intel requested that MI "let us know immediately if there are any topics in Intel's April 27, 2015 Rule 30(b)(6) Deposition Notice to Memory Integrity on which you are refusing to designate a witness so that we can raise the issue with the Court." (Ex. 7 [5/15 Email].) MI did not respond. Intel asked again on June 5 (Ex. 8 [6/5 Email]), but again MI did not respond. Accordingly Intel booked travel, a hotel, and a court reporter for the deposition.

Then, on June 9, 2015 at 9:02 pm EDT—over six weeks after Intel served its deposition notice and only a week before the deposition—MI served objections in which it refused to make a witness available on 18 of the 33 noticed topics. (Ex. 9 [6/9 Letter].) MI refused to designate a witness on the subject matter, conception, and reduction to practice of the asserted patents (*i.e.*, Topic 8), the basis for MI's infringement allegations (*i.e.*, Topics 11, 12, 14), the prior art to the

**PAGE 3 – DEFENDANT INTEL CORPORATION'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF**

asserted patents (*i.e.*, Topics 9, 16, 18), MI's efforts to license the asserted patents (*i.e.*, Topics 29, 32), and the factual bases for MI's damages claims against Intel (*i.e.*, Topics 19-26, 28). (*See* Ex. 1 [Rule 30(b)(6) Notice]; Ex. 9 [6/9 Letter].)[3]

### B.    The Noticed Rule 30(b)(6) Topics Are Relevant.

The 18 topics for which MI refused to designate a witness are indisputably relevant:

- Topic 8 is directed to any evidence in MI's possession about "the subject matter, conception, [and] reduction to practice" of its patents. (Ex. 1 [Notice] at 7.)

- Topics 11, 12, and 14 are directed to any evidence in MI's possession providing "factual bases supporting ... MI's allegations that Intel infringes the Asserted Patents." (*Id.* at 7-8.)

- Topics 9, 16, and 18 are directed to any evidence in MI's possession regarding the "Prior Art to the Asserted Patents," including: (i) any relevant prior art in MI's possession, (ii) any alleged "novelty or … benefit of the Asserted Patents over the Prior Art," and (iii) any evidence that the patents were ever licensed, praised, or used in products. (*Id.*)

- Topics 29 and 32 are directed to any evidence in MI's possession about its "efforts to license the Asserted Patents." (*Id.* at 9-10.)

- Topics 19-26 and 28 are directed to any evidence in MI's possession regarding MI's damages claims against Intel, including: (i) any alleged "harm" to MI, (ii) any alleged "value of the alleged inventions," and (iii) any "license agreements that MI believes are comparable … to a license covering the Asserted Patents." (*Id.* at 8-9.)

These topics—relating to the origin and subject matter of the patents, the facts underlying MI's allegations that the patents are infringed, the prior art, and the facts underlying any alleged damages—are central to MI's allegations and are routinely the subject of discovery in patent cases. *See, e.g.*, *Ecrix Corp. v. Exabyte Corp.*, 95 F. Supp. 2d 1155, 1158-59 (D. Colo. 2000) (compelling 30(b)(6) testimony because the "information sought by Ecrix relates to facts which Exabyte has in its possession which led it to make its threats of patent infringement… Such

---

[3] MI also informed Intel that, should Intel take the deposition of MI on June 17, 2015 on the 15 approved topics, MI would not make its corporate witness available again. (Ex. 9 [6/9 Letter] at 1.) Intel could not proceed on June 17 in light of this threatened penalty. (MI later stated that it would make its corporate witness available for a second time if so ordered by the Court—but, of course, it would be required to do so if ordered. (Ex. 16 [6/12 Email].))

**PAGE 4 – DEFENDANT INTEL CORPORATION'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF**

information is relevant and discoverable…").  Indeed, MI does not contest their relevance here.

### C. MI Has No Basis To Refuse To Produce A Witness On The Noticed Topics.

MI's arguments for refusing to provide a witness on 18 of Intel's 33 noticed deposition topics are without merit.

*First*, MI argues that several topics—*i.e.*, the conception and reduction to practice of the patents, the prior art, and the bases for MI's damages claims—are premature.  (Ex. 9 [6/9 Letter] at 2, 4-5.)  This is wrong.  The case was filed over a year-and-a-half ago and fact discovery has been underway for nine months.  There is no reason that Intel should be required to wait further to receive discovery on these topics.  At a minimum, Intel is entitled to depose MI regarding its lack of knowledge on these issues.  *See AMP Inc. v. Molex Inc.,* 1985 WL 2284, at *1 (N.D. Ill. Aug. 9, 1985) ("If no agent can testify competently to the matters involved in a lawsuit filed by a corporation, the implication is that the corporation had no basis for filing that lawsuit.").

*Second*, MI argues that several topics—including the subject matter, conception, and reduction to practice of the patents, the prior art, the basis for MI's infringement allegations, and the basis for MI's damages claims—are solely the subject of expert testimony.  (Ex. 9 [6/9 Letter] at 2-5.)  This is wrong.  While MI may produce an expert on all of these topics, Intel is entitled to discover any *facts* in MI's possession underlying its assertions regarding these topics. *See Bryant v. Mattel, Inc.*, 2007 WL 5430885, at *3 (C.D. Cal. July 2, 2007) (just because certain subject matter "is generally the subject of expert testimony at trial … does not render it an improper subject for a Rule 30(b)(6) [deposition]"); *Smith v. Gen. Mills, Inc.*, 2006 WL 7276959, at *3 (S.D. Ohio Apr. 13, 2006) ("[N]umerous courts have ruled that a Rule 30(b)(6) notice of deposition that seeks the factual bases for another party's claims or defenses is proper.").[4]

---

[4] MI objects in particular to the topics directed to its infringement allegations as calling for expert testimony.  (Ex. 9 [6/9 Letter] at 3.)  MI either should be required to provide a witness

**PAGE 5 – DEFENDANT INTEL CORPORATION'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF**

*Third*, MI argues that several topics—including the basis for MI's infringement allegations, the prior art, and the basis for MI's damages claims—are not appropriate topics for Rule 30(b)(6) testimony because they are allegedly based on Intel confidential information to which their designee has no access (*e.g.*, confidential Intel technical documents regarding the accused functionality). (Ex. 9 [6/9 Letter] at 2-5.) This is wrong. As an initial matter, Intel is entitled to discover any facts in MI's possession that MI contends support its contentions or that MI has no such facts. Indeed, MI was required to have a factual basis for its claims before filing this case. In any event, Section 7(b)(iii) of the Protective Order (Dkt. 92) permits MI to name a representative to review confidential information under the Protective Order. MI has only one employee—its corporate designee, Brent Farney. MI can name Mr. Farney as its representative and, thus, cannot hide behind confidentiality as an excuse for refusing to provide discovery. *See Ecrix*, 95 F. Supp. 2d at 1159 (requiring 30(b)(6) testimony where a protective order allowed the defendant to file a motion to permit a representative to review confidential information).

*Fourth*, MI argues that several topics—*e.g.*, the basis for MI's infringement allegations, the prior art, and MI's efforts to license the patents—are not discoverable because they seek privileged information. (Ex. 9 [6/9 Letter] at 2-6.) While MI's communications with its counsel may be privileged, Intel is entitled to discover non-privileged facts in MI's possession—*e.g.*, the factual basis for its infringement contentions, prior art, and its attempts to license the patents. *See Ecrix*, 95 F. Supp. 2d at 1158 (compelling 30(b)(6) testimony on "information in Exabyte's

---

regarding the factual basis for its infringement allegations or, at a minimum, to confirm: (i) that its March 16, 2015 Infringement Contentions are a complete statement of its infringement theories and; (ii) that the contentions disclose all of the facts in its possession that purport to support those infringement theories. *See United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996) ("[I]f a party states it has no knowledge or position as to a set of alleged facts or area of inquiry at a Rule 30(b)(6) deposition, it cannot argue for a contrary position at trial without introducing evidence explaining the reasons for the change.").

**PAGE 6 – DEFENDANT INTEL CORPORATION'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF**

possession on which Exabyte based and bases its assertions that Ecrix has infringed"); *IRIS Corp. v. United States*, 84 Fed. Cl. 489, 493-94 (Fed. Cl. 2008) ("It is appropriate for corporate representatives of the patent owner to be asked about IRIS' knowledge of potential prior art…"); *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582 (N.D. Cal. 2008) (defendant entitled to seek discovery regarding the plaintiff's attempts to license the patents).

*Finally*, MI argues that Topic 29—which calls for testimony regarding "MI's efforts to license the Asserted Patents"—is protected from discovery under Federal Rule of Evidence 408. (Ex. 9 [6/9 Letter] at 5-6.) This is also wrong. As an initial matter, the topic calls for licensing efforts generally, not just those made in the context of settlement negotiations. In any event, Rule 408 concerns the admissibility—*not* the discoverability—of settlement negotiations. The Federal Circuit has expressly held that such negotiations are discoverable because they are relevant to reasonable royalty damages calculations. *See In re MSTG, Inc.*, 675 F.3d 1337, 1348 (Fed. Cir. 2012) ("[W]e hold that settlement negotiations related to reasonable royalties and damage calculations are not protected by a settlement negotiation privilege."). MI's attempts to license the patents are directly relevant to the issues of damages (*e.g.*, the value of the patents and the reasonable royalty) and liability (*e.g.*, MI may have taken positions in such negotiations regarding the scope of the patents) and should therefore be subject to discovery. *See id.*; *Phoenix*, 254 F.R.D. at 582 ("[T]hird-party negotiations could help [defendant] ascertain the extent of its liability…").

## IV.    MI SHOULD BE COMPELLED TO PRODUCE RELEVANT DISCOVERY

### A.    MI Failed To Provide Discovery For Its Purchase And Attempted Licensing Of The Asserted Patents.

Intel served its first set of interrogatories (Ex. 2) and its first set of requests for production (Ex. 3) on October 8, 2014. For more than seven months, MI has refused to provide

meaningful responses to many of Intel's discovery requests. Intel sent letters regarding these deficiencies—on December 4, 2014 (Ex. 10), January 9, 2015 (Ex. 11), and April 22, 2015 (Ex. 12)—and attempted to resolve the parties' disputes during a meet-and-confer (Coviello Decl. ¶ 3). But MI continues to refuse to provide discovery on relevant topics.

MI refuses to provide substantive discovery regarding the negotiations relating to MI's purchase of the asserted patents. (*See* Ex. 2 [Interrogatory 8]; Ex. 3 [RFP 46].) Instead, MI simply asserts that MI acquired the patents "pursuant to the June 4, 2013 assignment from Sanmina Corporation" after an eight-month due diligence period conducted by Farney Daniels and proffers the parties' purchase agreements and amendments. (*See* Ex. 13 [2d Supp. Resp.] at 26-27.) MI will not produce any details regarding the negotiations, such as assertions by MI or Sanmina regarding the scope or value of the patents, or any other proposed payment terms.

MI also refuses to provide substantive discovery regarding its attempts to license the asserted patents. (*See* Ex. 2 [Interrogatory 8]; Ex. 3 [RFPs 8, 16, 45].) Instead, MI states only that "MI has had settlement discussions with some but not all of the defendants" in the pending and dismissed lawsuits. (Ex. 14 [6/18 Letter].) Besides listing every case in which it asserted its patents (*see* Ex. 13 at 25-26]), MI refuses to provide any information about those discussions.[5]

### B. MI Has No Basis For Refusing To Produce The Requested Discovery.

*First*, MI should be compelled to provide documents and substantive interrogatory responses regarding its negotiations to purchase the patents from Sanmina. MI's negotiations to

---

[5] MI also has failed to produce discovery on many other plainly relevant topics—such as the conception and reduction to practice of the subject matter claimed in the asserted patents (Ex. 3 [RFPs 24-28]). Indeed, seven months after Intel served these document requests and one month after Intel's invalidity contentions were due, MI agreed to produce documents relating to the conception and reduction to practice of the asserted patents "shortly" but still has not done so. (Ex. 14 [6/18 Letter].) Intel, however, brings this motion on only a subset of the disputed issues in hopes that the Court's decision will guide the parties with respect to any remaining disputes.

**PAGE 8 – DEFENDANT INTEL CORPORATION'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF**

purchase the patents are relevant to, among other things, the value of the asserted patents. *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, 2012 WL 877125, at *3-4 (N.D. Cal. Mar. 15, 2012) (evidence regarding how patents-in-suit were valued by patentee was relevant to the alleged reasonable royalty rate). Moreover, negotiation documents exchanged with third-party Sanmina in arm's-length business negotiations are neither privileged nor protected work product. *See Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 654 n.3 (N.D. Cal. 2004) (finding no privilege protection for arm's-length negotiations to purchase patents); *Thought, Inc. v. Oracle Corp.*, 2014 WL 3940294, at *3 (N.D. Cal. Aug. 11, 2014) (granting motion to compel communications between non-practicing entities regarding their plans to assert patents because the communications were for business, not litigation, purposes).

*Second*, MI should be compelled to produce documents and respond to Intel's interrogatories regarding MI's attempts to license the asserted patents. As discussed above, MI is incorrect that these topics are not discoverable under Rule 408. *See supra* Part III.C.

V.   **MI SHOULD BE HELD TO ITS INFRINGEMENT CONTENTIONS OR COMPELLED TO PROVIDE COMPLETE INFRINGEMENT CONTENTIONS.**

MI accuses six generations of Intel microprocessors from 2008 through the present. (Ex. 5 [Infringement Contentions] at 4-6.) These generations have six Intel code names: Nehalem, Westmere, Sandy Bridge, Ivy Bridge, Haswell, and Broadwell. Each generation includes different microprocessors with different capabilities and characteristics. Despite MI's broad accusations, it does not provide any contentions—*i.e.*, charts showing how the products allegedly meet the asserted claims—for half of the accused microprocessor generations, namely: Westmere, Ivy Bridge, and Broadwell. Instead, MI asserts that each of these generations is the same as the prior generation—Nehalem, Sandy Bridge, and Haswell, respectively—and thus

infringes for the same reasons.[6] (Ex. 5 at 5-6; Ex. 15 [5/12 Letter] at 2.) Intel explained to MI that they are *not* identical to the prior generations and requested that MI provide contentions for those products. (Ex. 15 [4/22 Letter]; Coviello Decl. ¶ 3.) MI refuses.

MI was required to provide its complete infringement contentions on March 16, 2015. (Dkt. 47.) MI should be held to those contentions—and its reliance on the prior generation processors to argue alleged infringement for the Westmere, Ivy Bridge, and Broadwell products—or should be required to immediately provide specific contentions for the additional products. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (noting that infringement contentions are designed to "require parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach" to the litigation).

## VI.   CONCLUSION

Having accused multiple Intel products of infringing five patents, MI should not be permitted to now shield itself from Intel's legitimate discovery by asserting that the relevant information regarding its claims is solely in the hands of its lawyers and paid experts. *See Diagnostics Sys. Corp. v. Symantec Corp.*, 2008 WL 9396387, at *6 (C.D. Cal. Aug. 12, 2008) (rejecting non-practicing entity's attempt to shield itself from substantive discovery of documents and underlying facts "simply because [its employee] is a lawyer"), *aff'd*, 328 F. App'x 621 (Fed. Cir. 2008). Intel therefore requests that the Court grant its motion to compel.

---

[6] MI points to an Intel webpage describing Intel's manufacturing model—under which two succeeding Intel product generations generally have similar designs, but the latter generation will be much smaller. (Ex. 5 [MI Contentions] at 5-6.) But MI provides no support for its apparent assertion that these succeeding generations have an identical design.

**PAGE 10 – DEFENDANT INTEL CORPORATION'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF**

DATED this 24th day of June 2015.

                MARKOWITZ HERBOLD PC

By:  /s/ *Renée E. Rothauge*

    Renée E. Rothauge
    OSB #903712
    (503) 295-3085

    WILMERHALE LLP
    Michael J. Summersgill (*pro hac vice*)
    Jordan L. Hirsch (*pro hac vice*)
    Grant K. Rowan (*pro hac vice*)
    Sean K. Thompson (*pro hac vice*)
    Arthur W. Coviello (*pro hac vice*)

    Attorneys for Defendant Intel Corporation

## LR 7-2(b)(2) COMPLIANCE

I certify that this brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it is less than ten pages.

DATED this 24th day of June, 2015.

*/s/ Renée E. Rothauge*
Renée E. Rothauge (OSB #903712)
Attorney for Intel Corporation

**PAGE 12 – DEFENDANT INTEL CORPORATION'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF**

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2015, I have made service of the foregoing **DEFENDANT INTEL CORPORATION'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF** on the party/ies listed below in the manner indicated:

| Party | Method |
|---|---|
| Richard C. Weinblatt<br>Stamoulis & Weinblatt LLC<br>Two Fox Point Centre<br>6 Denny Road, Suite 307<br>Wilmington, DE 19809 | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email<br>☐ Electronically via USDC CM/ECF system |
| Stamatios Stamoulis<br>Stamoulis & Weinblatt LLC<br>Two Fox Point Centre<br>6 Denny Road, Suite 307<br>Wilmington, DE 19809 | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email<br>☐ Electronically via USDC CM/ECF system |
| Paul Saindon<br>Morris, Nichols, Arsht & Tunnell<br>P.O. Box 1347<br>Wilmington DE 19899-1347 | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email<br>☐ Electronically via USDC CM/ECF system |
| Jack B. Blumenfeld<br>Morris, Nichols, Arsht & Tunnell<br>P.O. Box 1347<br>Wilmington DE 19899 | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email<br>☐ Electronically via USDC CM/ECF system |

DATED this 24th day of June, 2015.

*/s/ Renée E. Rothauge*
Renée E. Rothauge, OSB #903712
Attorney for Defendant Intel Corporation

**CERTIFICATE OF SERVICE**