John Mansfield, OSB No. 055390
MansfieldLaw
121 SW Morrison Ave., Suite 400
Portland, OR 97204
Telephone: 971.271.8615
john@mansfieldlaw.net

Jonathan Baker (appearing *pro hac vice*)
FARNEY DANIELS PC
411 Borel Avenue, Suite 350
San Mateo, California 94402
Telephone: (424) 278-5200
jbaker@farneydaniels.com

[Additional Counsel listed on signature page]

*Attorneys for Plaintiff Memory Integrity, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| MEMORY INTEGRITY, LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>INTEL CORPORATION,<br><br>              Defendant. | Case No. 3:15-cv-00262-SI<br><br>**MEMORY INTEGRITY, LLC'S ANSWER TO COUNTERCLAIMS OF INTEL CORPORATION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Memory Integrity, LLC ("MI" or "Plaintiff"), by and through its counsel, hereby files this Answer to Defendant Intel Corporation's ("Intel" or "Defendant") Answer and Counterclaims to Second Amended Complaint for Patent Infringement (Dkt. No. 107).

## COUNTERCLAIMS

## PARTIES AND JURISDICTION

99. These are counterclaims for declarations of non-infringement and invalidity of one or more claims of the '121, '636, '409, '206, and '254 patents (collectively, the "patents-in-suit").

**ANSWER:** MI admits that Intel states counterclaims for declarations of non-infringement and invalidity of one or more claims of the '121, '636, '409, '206, and '254 patents, but denies that Intel is entitled to such declarations.

100. The counterclaim plaintiff Intel Corporation ("Intel") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Santa Clara, California.

**ANSWER:** Admitted, upon information and belief.

101. The counterclaim defendant Memory Integrity LLC ("MI") alleges in its Second Amended Complaint that it is a limited liability company organized and existing under the laws of the State of Delaware.

**ANSWER:** Admitted.

102. This is an action for declaratory judgment of non-infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-2202.

**ANSWER:** MI admits that Intel asserts a claim for declaratory judgement of non-infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, but denies that Intel is entitled to such a

declaration.  MI further admits that this Court has subject matter jurisdiction over these counterclaims.

103.    Personal jurisdiction and venue in this District are proper under 28 U.S.C. §§ 1391(b) and 1400(b).

**ANSWER:**  MI admits that, for the present action, personal jurisdiction and venue in this District are proper.

104.    MI has sued Intel claiming that it is the owner of the patents-in-suit and accusing Intel of infringing the patents-in-suit. Intel denies that it infringes any of the patents-in-suit, that the patents-in-suit are valid, and that the patents-in-suit are enforceable against Intel. An actual controversy exists under the Declaratory Judgment Act between the parties concerning the infringement, validity, and enforceability of one or more claims of the patents-in-suit and that controversy is ripe for adjudication by this Court.

**ANSWER:**  MI admits that it has sued Intel for infringement of the patents-in-suit and that it is the owner of the patents-in-suit.  MI further admits that Intel denies infringing any of the patents-in-suit, that the patents-in-suit are valid, and that the patents-in-suit are enforceable against Intel.  MI further admits that an actual controversy exists between the parties concerning the infringement, validity, and enforceability of one or more claims of the patents-in-suit and that the controversy is ripe for adjudication by this Court.

## COUNT I – NON-INFRINGEMENT OF THE '121 PATENT

105.    MI claims that it is the assignee of the '121 patent and that it is the owner of all rights, title, and interest in and to the '121 patent. MI has expressly charged Intel with infringement of the '121 patent by filing a Complaint for Patent Infringement against Intel on November 1, 2013 (D.I. 1), a First Amended Complaint for Patent Infringement on March 17,

2015 (D.I. 61), and a Second Amended Complaint for Patent Infringement on July 27, 2015 (D.I. 105).

**ANSWER:** MI admits that it is the assignee of and the owner of all rights, title, and interest in and to the '121 patent. MI further admits it has charged Intel with infringement of the '121 patent by filing a Complaint on November 1, 2013 (D.I. 1), a First Amended Complaint on March 17, 2015 (D.I. 61), and a Second Amended Complaint on July 27, 2015 (D.I. 105).

106.   Intel has not been and is not now infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any claim of the '121 patent. In light of MI's Complaint for Patent Infringement, First Amended Complaint for Patent Infringement, and Second Amended Complaint for Patent Infringement, there exists an actual controversy between MI and Intel regarding this patent.

**ANSWER:** MI admits that there exists an actual controversy between MI and Intel regarding Intel's infringement of the '121 patent. MI denies the remaining allegations of this paragraph.

107.   Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the alleged infringement of the '121 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:** MI admits that a controversy has arisen and exists between MI and Intel with respect to the infringement of the '121 patent. MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

108. Intel is entitled to a declaratory judgment that: (a) it has not infringed, and is not infringing, the '121 patent, (b) it has not contributed to, and is not contributing to, infringement of the '121 patent, and (c) it has not induced, and is not inducing, infringement of the '121 patent.

**ANSWER:** Denied.

### COUNT II – INVALIDITY OF THE '121 PATENT

109. Intel repeats and realleges the allegations set forth in paragraphs 99 through 108 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:** MI incorporates by reference its responses to paragraphs 99 through 108 of Defendant's Counterclaims as though fully set forth herein. To the extent that Defendant intends through Paragraph 109 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

110. Intel contends that the claims of the '121 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**ANSWER:** MI admits that Intel contends that the claims of the '121 patent are invalid for failure to comply with the conditions for patentability, but MI denies that the claims are invalid.

111. Intel is informed and believes, and on that basis alleges, that MI contends that the '121 patent is valid and enforceable.

**ANSWER:** MI admits that it contends the '121 patent is valid and enforceable.

112. Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the validity of the '121 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and

PAGE 5 – MEMORY INTEGRITY, LLC'S ANSWER TO COUNTERCLAIMS OF INTEL CORPORATION

declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:**  MI admits that a controversy has arisen and exists between MI and Intel with respect to the validity of the '121 patent.  MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

113.    Intel is entitled to a declaratory judgment that the claims of the '121 patent are invalid.

**ANSWER:**  Denied.

## COUNT III – NON-INFRINGEMENT OF THE '636 PATENT

114.    Intel repeats and realleges the allegations set forth in paragraphs 99 through 113 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:**  MI incorporates by reference its responses to paragraphs 99 through 113 of Defendant's Counterclaims as though fully set forth herein.  To the extent that Defendant intends through Paragraph 114 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

115.    MI claims that it is the assignee of the '636 patent and that it is the owner of all rights, title, and interest in and to the '636 patent. MI has expressly charged Intel with infringement of the '636 patent by filing a Complaint for Patent Infringement against Intel on November 1, 2013 (D.I. 1), a First Amended Complaint for Patent Infringement on March 17, 2015 (D.I. 61), and a Second Amended Complaint for Patent Infringement on July 27, 2015 (D.I. 105).

**ANSWER:**  MI admits that it is the assignee of and the owner of all rights, title, and interest in and to the '636 patent.  MI further admits it has charged Intel with infringement of the

'636 patent by filing a Complaint on November 1, 2013 (D.I. 1), a First Amended Complaint on March 17, 2015 (D.I. 61), and a Second Amended Complaint on July 27, 2015 (D.I. 105).

116. Intel has not been and is not now infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any claim of the '636 patent. In light of MI's Complaint for Patent Infringement, First Amended Complaint for Patent Infringement, and Second Amended Complaint for Patent Infringement, there exists an actual controversy between MI and Intel regarding this patent.

**ANSWER:** MI admits that there exists an actual controversy between MI and Intel regarding Intel's infringement of the '636 patent. MI denies the remaining allegations of this paragraph.

117. Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the alleged infringement of the '636 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:** MI admits that a controversy has arisen and exists between MI and Intel with respect to the infringement of the '636 patent. MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

118. Intel is entitled to a declaratory judgment that: (a) it has not infringed, and is not infringing, the '636 patent, (b) it has not contributed to, and is not contributing to, infringement of the '636 patent, and (c) it has not induced, and is not inducing, infringement of the '636 patent.

**ANSWER:** Denied.

## COUNT IV – INVALIDITY OF THE '636 PATENT

119.   Intel repeats and realleges the allegations set forth in paragraphs 99 through 1180 [sic] of its Counterclaims, above, as if set forth fully herein.

**ANSWER:**  MI incorporates by reference its responses to paragraphs 99 through 118 of Defendant's Counterclaims as though fully set forth herein.  To the extent that Defendant intends through Paragraph 119 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

120.   Intel contends that the claims of the '636 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**ANSWER:**  MI admits that Intel contends that the claims of the '636 patent are invalid for failure to comply with the conditions for patentability, but MI denies that the claims are invalid.

121.   Intel is informed and believes, and on that basis alleges, that MI contends that the '636 patent is valid and enforceable.

**ANSWER:**  MI admits that it contends the '636 patent is valid and enforceable.

122.   Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the validity of the '636 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:**  MI admits that a controversy has arisen and exists between MI and Intel with respect to the validity of the '636 patent.  MI further admits that Intel desires a judicial

determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

123. Intel is entitled to a declaratory judgment that the claims of the '636 patent are invalid.

**ANSWER:** Denied.

### COUNT V – NON-INFRINGEMENT OF THE '409 PATENT

124. Intel repeats and realleges the allegations set forth in paragraphs 99 through 123 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:** MI incorporates by reference its responses to paragraphs 99 through 123 of Defendant's Counterclaims as though fully set forth herein. To the extent that Defendant intends through Paragraph 124 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

125. MI claims that it is the assignee of the '409 patent and that it is the owner of all rights, title, and interest in and to the '409 patent. MI has expressly charged Intel with infringement of the '409 patent by filing a Complaint for Patent Infringement against Intel on November 1, 2013 (D.I. 1), a First Amended Complaint for Patent Infringement on March 17, 2015 (D.I. 61), and a Second Amended Complaint for Patent Infringement on July 27, 2015 (D.I. 105).

**ANSWER:** MI admits that it is the assignee of and the owner of all rights, title, and interest in and to the '409 patent. MI further admits it has charged Intel with infringement of the '409 patent by filing a Complaint on November 1, 2013 (D.I. 1), a First Amended Complaint on March 17, 2015 (D.I. 61), and a Second Amended Complaint on July 27, 2015 (D.I. 105).

126. Intel has not been and is not now infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any claim of the '409 patent. In

light of MI's Complaint for Patent Infringement, First Amended Complaint for Patent Infringement, and Second Amended Complaint for Patent Infringement, there exists an actual controversy between MI and Intel regarding this patent.

**ANSWER:**  MI admits that there exists an actual controversy between MI and Intel regarding Intel's infringement of the '409 patent.  MI denies the remaining allegations of this paragraph.

127.    Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the alleged infringement of the '409 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:**  MI admits that a controversy has arisen and exists between MI and Intel with respect to the infringement of the '409 patent.  MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

128.    Intel is entitled to a declaratory judgment that: (a) it has not infringed, and is not infringing, the '409 patent, (b) it has not contributed to, and is not contributing to, infringement of the '409 patent, and (c) it has not induced, and is not inducing, infringement of the '409 patent.

**ANSWER:**  Denied.

## COUNT VI – INVALIDITY OF THE '409 PATENT

129.    Intel repeats and realleges the allegations set forth in paragraphs 99 through 128 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:**  MI incorporates by reference its responses to paragraphs 99 through 128 of Defendant's Counterclaims as though fully set forth herein.  To the extent that Defendant intends through Paragraph 129 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

130.     Intel contends that the claims of the '409 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**ANSWER:**  MI admits that Intel contends that the claims of the '409 patent are invalid for failure to comply with the conditions for patentability, but MI denies that the claims are invalid.

131.     Intel is informed and believes, and on that basis alleges, that MI contends that the '409 patent is valid and enforceable.

**ANSWER:**  MI admits that it contends the '409 patent is valid and enforceable.

132.     Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the validity of the '409 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:**  MI admits that a controversy has arisen and exists between MI and Intel with respect to the validity of the '409 patent.  MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

133. Intel is entitled to a declaratory judgment that the claims of the '409 patent are invalid.

**ANSWER:** Denied.

## COUNT VII – NON-INFRINGEMENT OF THE '206 PATENT

134. Intel repeats and realleges the allegations set forth in paragraphs 99 through 133 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:** MI incorporates by reference its responses to paragraphs 99 through 133 of Defendant's Counterclaims as though fully set forth herein. To the extent that Defendant intends through Paragraph 134 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

135. MI claims that it is the assignee of the '206 patent and that it is the owner of all rights, title, and interest in and to the '206 patent. MI has expressly charged Intel with infringement of the '206 patent by filing a Complaint for Patent Infringement against Intel on November 1, 2013 (D.I. 1), a First Amended Complaint for Patent Infringement on March 17, 2015 (D.I. 61) , and a Second Amended Complaint for Patent Infringement on July 27, 2015 (D.I. 105).

**ANSWER:** MI admits that it is the assignee of and the owner of all rights, title, and interest in and to the '206 patent. MI further admits it has charged Intel with infringement of the '206 patent by filing a Complaint on November 1, 2013 (D.I. 1), a First Amended Complaint on March 17, 2015 (D.I. 61) , and a Second Amended Complaint on July 27, 2015 (D.I. 105).

136. Intel has not been and is not now infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any claim of the '206 patent. In light of MI's Complaint for Patent Infringement, First Amended Complaint for Patent

Infringement, and Second Amended Complaint for Patent Infringement, there exists an actual controversy between MI and Intel regarding this patent.

**ANSWER:** MI admits that there exists an actual controversy between MI and Intel regarding Intel's infringement of the '206 patent. MI denies the remaining allegations of this paragraph.

137. Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the alleged infringement of the '206 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:** MI admits that a controversy has arisen and exists between MI and Intel with respect to the infringement of the '206 patent. MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

138. Intel is entitled to a declaratory judgment that: (a) it has not infringed, and is not infringing, the '206 patent, (b) it has not contributed to, and is not contributing to, infringement of the '206 patent, and (c) it has not induced, and is not inducing, infringement of the '206 patent.

**ANSWER:** Denied.

## COUNT VIII – INVALIDITY OF THE '206 PATENT

139. Intel repeats and realleges the allegations set forth in paragraphs 99 through 138 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:** MI incorporates by reference its responses to paragraphs 99 through 138 of Defendant's Counterclaims as though fully set forth herein. To the extent that Defendant intends

through Paragraph 139 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

140. Intel contends that the claims of the '206 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**ANSWER:** MI admits that Intel contends that the claims of the '206 patent are invalid for failure to comply with the conditions for patentability, but MI denies that the claims are invalid.

141. Intel is informed and believes, and on that basis alleges, that MI contends that the '206 patent is valid and enforceable.

**ANSWER:** MI admits that it contends the '206 patent is valid and enforceable.

142. Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the validity of the '206 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:** MI admits that a controversy has arisen and exists between MI and Intel with respect to the validity of the '206 patent. MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

143. Intel is entitled to a declaratory judgment that the claims of the '206 patent are invalid.

**ANSWER:** Denied.

## COUNT IX – NON-INFRINGEMENT OF THE '254 PATENT

144.    Intel repeats and realleges the allegations set forth in paragraphs 99 through 143 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:**  MI incorporates by reference its responses to paragraphs 99 through 143 of Defendant's Counterclaims as though fully set forth herein.  To the extent that Defendant intends through Paragraph 144 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

145.    MI claims that it is the assignee of the '254 patent and that it is the owner of all rights, title, and interest in and to the '254 patent. MI has expressly charged Intel with infringement of the '254 patent by filing a First Amended Complaint for Patent Infringement on March 17, 2015 (D.I. 61) and a Second Amended Complaint for Patent Infringement on July 27, 2015 (D.I. 105).

**ANSWER:**  MI admits that it is the assignee of and the owner of all rights, title, and interest in and to the '254 patent.  MI further admits it has charged Intel with infringement of the '254 patent by filing a First Amended Complaint on March 17, 2015 (D.I. 61) and a Second Amended Complaint on July 27, 2015 (D.I. 105).

146.    Intel has not been and is not now infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any claim of the '254 patent. In light of MI's First Amended Complaint for Patent Infringement and Second Amended Complaint for Patent Infringement, there exists an actual controversy between MI and Intel regarding this patent.

**ANSWER:**  MI admits that there exists an actual controversy between MI and Intel regarding Intel's infringement of the '254 patent.  MI denies the remaining allegations of this paragraph.

147. Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the alleged infringement of the '254 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:** MI admits that a controversy has arisen and exists between MI and Intel with respect to the infringement of the '254 patent. MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

148. Intel is entitled to a declaratory judgment that: (a) it has not infringed, and is not infringing, the '254 patent, (b) it has not contributed to, and is not contributing to, infringement of the '254 patent, and (c) it has not induced, and is not inducing, infringement of the '254 patent.

**ANSWER:** Denied.

## COUNT X – INVALIDITY OF THE '254 PATENT

149. Intel repeats and realleges the allegations set forth in paragraphs 99 through 148 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:** MI incorporates by reference its responses to paragraphs 99 through 148 of Defendant's Counterclaims as though fully set forth herein. To the extent that Defendant intends through Paragraph 149 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

150. Intel contends that the claims of the '254 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**ANSWER:** MI admits that Intel contends that the claims of the '254 patent are invalid for failure to comply with the conditions for patentability, but MI denies that the claims are invalid.

151. Intel is informed and believes, and on that basis alleges, that MI contends that the '254 patent is valid and enforceable.

**ANSWER:** MI admits that it contends the '254 patent is valid and enforceable.

152. Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the validity of the '254 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:** MI admits that a controversy has arisen and exists between MI and Intel with respect to the validity of the '254 patent.  MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

153. Intel is entitled to a declaratory judgment that the claims of the '254 patent are invalid.

**ANSWER:** Denied.

**AFFIRMATIVE DEFENSES**

By way of further answer, as affirmative defenses to Defendant's Counterclaims, without assuming any burden that it would not otherwise have, and while expressly reserving the right to assert any other legal or equitable defenses to which it is entitled, MI states as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

MI expressly reserves the right to assert any other legal or equitable defenses to which it is entitled.

## DEMAND FOR JURY TRIAL

MI demands a trial by jury as to all issues so triable.

## PRAYER

WHEREFORE, in addition to the relief requested in its Complaint, MI respectfully prays that the Court:

A. dismiss Defendant's Counterclaims in their entirety with prejudice, with Intel taking nothing thereby;

B. deny all of Defendant's Counterclaims and all relief sought against MI;

C. award MI its costs and attorneys' fees incurred in defending against Defendant's Counterclaims; and

D. award MI any and all further relief that the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  August 31, 2015 | */s/ Jonathan Baker* |
|  | Jonathan Baker (appearing *pro hac vice*) |
|  | Michael Saunders (appearing *pro hac vice*) |
|  | Gurtej Singh (appearing *pro hac vice*) |
|  | FARNEY DANIELS PC |
|  | 411 Borel Avenue, Suite 350 |
|  | San Mateo, California 94402 |
|  | Telephone:  (424) 278-5200 |
|  | jbaker@farneydaniels.com |
|  | msaunders@farneydaniels.com |
|  | tsingh@farneydaniels.com |
|  |  |
|  | Bryan Atkinson (appearing *pro hac vice*) |
|  | FARNEY DANIELS PC |
|  | 800 S. Austin Avenue, Suite 200 |
|  | Georgetown, Texas 78626 |
|  | Telephone: (512) 582-2828 |
|  | batkinson@farneydaniels.com |
|  |  |
|  | John Mansfield, OSB No. 055390 |
|  | MANSFIELD LAW |
|  | 121 SW Morrison Ave., Suite 400 |
|  | Portland, Oregon 97204 |
|  | Telephone:  (971) 271-8615 |
|  | john@mansfieldlaw.net |
|  |  |
|  | ***Attorneys for Plaintiff*** |
|  | ***Memory Integrity, LLC*** |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all interested parties.

DATED this 31th day of August, 2015.

                                              */s/ Jonathan Baker*
                                              Jonathan Baker (appearing *pro hac vice*)
                                              Attorney for Plaintiff, Memory Integrity, LLC