John Mansfield, OSB No. 055390
MansfieldLaw
121 SW Morrison Ave., Suite 400
Portland, OR 97204
Telephone:  971.271.8615
john@mansfieldlaw.net

Jonathan Baker (appearing *pro hac vice*)
FARNEY DANIELS PC
411 Borel Avenue, Suite 350
San Mateo, California 94402
Telephone:  (424) 278-5200
jbaker@farneydaniels.com

[Additional Counsel listed on signature page]

*Attorneys for Plaintiff Memory Integrity, LLC*


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION


| | |
|---|---|
| MEMORY INTEGRITY, LLC, | Case No. 3:15-cv-00262-SI |
| Plaintiff, | |
| v. | **MEMORY INTEGRITY, LLC'S ANSWER TO AMENDED COUNTERCLAIMS OF INTEL CORPORATION** |
| INTEL CORPORATION, | |
| Defendant. | **JURY TRIAL DEMANDED** |


Plaintiff Memory Integrity, LLC ("MI" or "Plaintiff"), by and through its counsel, hereby

files this Answer to Defendant Intel Corporation's ("Intel" or "Defendant") Amended Answer

and Counterclaims to Second Amended Complaint for Patent Infringement (Dkt. No. 121).

PAGE 1 – MEMORY INTEGRITY, LLC'S ANSWER TO AMENDED COUNTERCLAIMS OF INTEL
CORPORATION

## COUNTERCLAIMS

## PARTIES AND JURISDICTION

118.     These are counterclaims for declarations of non-infringement and invalidity of one or more claims of the '121, '636, '409, '206, and '254 patents (collectively, the "patents-in-suit") and for a declaration that MI's claims are barred by the covenant not to sue contained in the 2005 Intel-Sanmina Agreement ("ISA").

**ANSWER:**  MI admits that Intel asserts counterclaims for declarations of non-infringement and invalidity of one or more claims of the '121, '636, '409, '206, and '254 patents, but denies that Intel is entitled to such declarations.  MI further admits that Intel asserts a counterclaim for a declaration that MI's claims are barred by the covenant not to sue contained in the 2005 Intel-Sanmina Agreement, but denies that Intel is entitled to such a declaration.

119.     The counterclaim plaintiff Intel Corporation ("Intel") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Santa Clara, California.

**ANSWER:**  Admitted, upon information and belief.

120.     The counterclaim defendant Memory Integrity LLC ("MI") alleges in its Second Amended Complaint that it is a limited liability company organized and existing under the laws of the State of Delaware.

**ANSWER:**  Admitted.

121.     This is an action for declaratory judgment arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-2202.  This Court has supplemental jurisdiction over Count XI pursuant to 28 U.S.C. § 1367 because it is related to the other claims

in this action within the original jurisdiction of this Court and forms part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:** MI admits that Intel asserts a claim for declaratory judgement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, but denies that Intel is entitled to such a declaration. MI further admits that this Court has subject matter jurisdiction over these counterclaims.

122.    Personal jurisdiction and venue in this District are proper under 28 U.S.C. §§ 1391(b) and 1400(b).

**ANSWER:** MI admits that, for the present action, personal jurisdiction and venue in this District are proper.

123.    MI has sued Intel claiming that it is the owner of the patents-in-suit and accusing Intel of infringing the patents-in-suit. Intel denies that it infringes any of the patents-in-suit, that the patents-in-suit are valid, and that the patents-in-suit are enforceable against Intel. Intel asserts that MI's claims are barred by the covenant not to sue provision of the 2005 ISA. An actual controversy exists under the Declaratory Judgment Act between the parties concerning the infringement, validity, and enforceability of one or more claims of the patents-in-suit and that controversy is ripe for adjudication by this Court.

**ANSWER:** MI admits that it has sued Intel for infringement of the patents-in-suit and that it is the owner of the patents-in-suit. MI further admits that Intel denies infringing any of the patents-in-suit, that the patents-in-suit are valid, and that the patents-in-suit are enforceable against Intel. MI further admits that Intel asserts that MI's claims are barred by the covenant not to sue provision of the 2005 ISA, but denies that MI's claims are barred. MI further admits that an actual controversy exists between the parties concerning the infringement, validity, and

enforceability of one or more claims of the patents-in-suit and that the controversy is ripe for adjudication by this Court.

## COUNT I – NON-INFRINGEMENT OF THE '121 PATENT

124.    MI claims that it is the assignee of the '121 patent and that it is the owner of all rights, title, and interest in and to the '121 patent. MI has expressly charged Intel with infringement of the '121 patent by filing a Complaint for Patent Infringement against Intel on November 1, 2013 (D.I. 1), a First Amended Complaint for Patent Infringement on March 17, 2015 (D.I. 61), and a Second Amended Complaint for Patent Infringement on July 27, 2015 (D.I. 105).

**ANSWER:**  MI admits that it is the assignee of and the owner of all rights, title, and interest in and to the '121 patent.  MI further admits it has charged Intel with infringement of the '121 patent by filing a Complaint on November 1, 2013 (D.I. 1), a First Amended Complaint on March 17, 2015 (D.I. 61), and a Second Amended Complaint on July 27, 2015 (D.I. 105).

125.    Intel has not been and is not now infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any claim of the '121 patent.  In light of MI's Complaint for Patent Infringement, First Amended Complaint for Patent Infringement, and Second Amended Complaint for Patent Infringement, there exists an actual controversy between MI and Intel regarding this patent.

**ANSWER:**  MI admits that there exists an actual controversy between MI and Intel regarding Intel's infringement of the '121 patent.  MI denies the remaining allegations of this paragraph.

126.    Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the alleged infringement of the '121 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a

determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:**  MI admits that a controversy has arisen and exists between MI and Intel with respect to the infringement of the '121 patent.  MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

127.    Intel is entitled to a declaratory judgment that: (a) it has not infringed, and is not infringing, the '121 patent, (b) it has not contributed to, and is not contributing to, infringement of the '121 patent, and (c) it has not induced, and is not inducing, infringement of the '121 patent.

**ANSWER:**  Denied.

## COUNT II – INVALIDITY OF THE '121 PATENT

128.    Intel repeats and realleges the allegations set forth in paragraphs 118 through 127 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:**  MI incorporates by reference its responses to paragraphs 118 through 127 of Defendant's Counterclaims as though fully set forth herein.  To the extent that Defendant intends through Paragraph 128 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

129.    Intel contends that the claims of the '121 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**ANSWER:**  MI admits that Intel contends that the claims of the '121 patent are invalid for failure to comply with the conditions for patentability, but MI denies that the claims are invalid.

130.    Intel is informed and believes, and on that basis alleges, that MI contends that the '121 patent is valid and enforceable.

**ANSWER:** MI admits that it contends the '121 patent is valid and enforceable.

131.    Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the validity of the '121 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:** MI admits that a controversy has arisen and exists between MI and Intel with respect to the validity of the '121 patent.  MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

132.    Intel is entitled to a declaratory judgment that the claims of the '121 patent are invalid.

**ANSWER:** Denied.

**COUNT III – NON-INFRINGEMENT OF THE '636 PATENT**

133.    Intel repeats and realleges the allegations set forth in paragraphs 118 through 132 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:** MI incorporates by reference its responses to paragraphs 118 through 132 of Defendant's Counterclaims as though fully set forth herein.  To the extent that Defendant intends through Paragraph 133 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

134.    MI claims that it is the assignee of the '636 patent and that it is the owner of all rights, title, and interest in and to the '636 patent. MI has expressly charged Intel with

infringement of the '636 patent by filing a Complaint for Patent Infringement against Intel on

November 1, 2013 (D.I. 1), a First Amended Complaint for Patent Infringement on March 17,

2015 (D.I. 61), and a Second Amended Complaint for Patent Infringement on July 27, 2015 (D.I.

105).

**ANSWER:**  MI admits that it is the assignee of and the owner of all rights, title, and

interest in and to the '636 patent.  MI further admits it has charged Intel with infringement of the

'636 patent by filing a Complaint on November 1, 2013 (D.I. 1), a First Amended Complaint on

March 17, 2015 (D.I. 61), and a Second Amended Complaint on July 27, 2015 (D.I. 105).

135.    Intel has not been and is not now infringing, either directly, contributorily, or by

inducement, either literally or under the doctrine of equivalents, any claim of the '636 patent. In

light of MI's Complaint for Patent Infringement, First Amended Complaint for Patent

Infringement, and Second Amended Complaint for Patent Infringement, there exists an actual

controversy between MI and Intel regarding this patent.

**ANSWER:**  MI admits that there exists an actual controversy between MI and Intel

regarding Intel's infringement of the '636 patent.  MI denies the remaining allegations of this

paragraph.

136.    Accordingly, a valid and justiciable controversy has arisen and exists between MI

and Intel with respect to the alleged infringement of the '636 patent. Intel desires a judicial

determination and declaration of the respective rights and duties of the parties herein. Such a

determination and declaration is necessary and appropriate at this time so that the parties may

ascertain their respective rights and duties.

**ANSWER:**  MI admits that a controversy has arisen and exists between MI and Intel

with respect to the infringement of the '636 patent.  MI further admits that Intel desires a judicial

determination and declaration of the respective rights and duties of the parties herein and that
such a determination is necessary and appropriate at this time.

137.    Intel is entitled to a declaratory judgment that: (a) it has not infringed, and is not
infringing, the '636 patent, (b) it has not contributed to, and is not contributing to, infringement
of the '636 patent, and (c) it has not induced, and is not inducing, infringement of the '636
patent.

**ANSWER:**  Denied.

## COUNT IV – INVALIDITY OF THE '636 PATENT

138.    Intel repeats and realleges the allegations set forth in paragraphs 118 through 137
of its Counterclaims, above, as if set forth fully herein.

**ANSWER:**  MI incorporates by reference its responses to paragraphs 118 through 137 of
Defendant's Counterclaims as though fully set forth herein.  To the extent that Defendant intends
through Paragraph 138 to assert any allegations, fact, or averment, by implication or otherwise,
MI denies it.

139.    Intel contends that the claims of the '636 patent are invalid for failure to comply
with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 102, 103 and
112.

**ANSWER:**  MI admits that Intel contends that the claims of the '636 patent are invalid
for failure to comply with the conditions for patentability, but MI denies that the claims are
invalid.

140.    Intel is informed and believes, and on that basis alleges, that MI contends that the
'636 patent is valid and enforceable.

**ANSWER:**  MI admits that it contends the '636 patent is valid and enforceable.

141.    Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the validity of the '636 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:**  MI admits that a controversy has arisen and exists between MI and Intel with respect to the validity of the '636 patent.  MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

142.    Intel is entitled to a declaratory judgment that the claims of the '636 patent are invalid.

**ANSWER:**  Denied.

## COUNT V – NON-INFRINGEMENT OF THE '409 PATENT

143.    Intel repeats and realleges the allegations set forth in paragraphs 118 through 142 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:**  MI incorporates by reference its responses to paragraphs 118 through 142 of Defendant's Counterclaims as though fully set forth herein.  To the extent that Defendant intends through Paragraph 143 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

144.    MI claims that it is the assignee of the '409 patent and that it is the owner of all rights, title, and interest in and to the '409 patent. MI has expressly charged Intel with infringement of the '409 patent by filing a Complaint for Patent Infringement against Intel on November 1, 2013 (D.I. 1), a First Amended Complaint for Patent Infringement on March 17,

2015 (D.I. 61), and a Second Amended Complaint for Patent Infringement on July 27, 2015 (D.I. 105).

**ANSWER:** MI admits that it is the assignee of and the owner of all rights, title, and interest in and to the '409 patent. MI further admits it has charged Intel with infringement of the '409 patent by filing a Complaint on November 1, 2013 (D.I. 1), a First Amended Complaint on March 17, 2015 (D.I. 61), and a Second Amended Complaint on July 27, 2015 (D.I. 105).

145.    Intel has not been and is not now infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any claim of the '409 patent. In light of MI's Complaint for Patent Infringement, First Amended Complaint for Patent Infringement, and Second Amended Complaint for Patent Infringement, there exists an actual controversy between MI and Intel regarding this patent.

**ANSWER:** MI admits that there exists an actual controversy between MI and Intel regarding Intel's infringement of the '409 patent. MI denies the remaining allegations of this paragraph.

146.    Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the alleged infringement of the '409 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:** MI admits that a controversy has arisen and exists between MI and Intel with respect to the infringement of the '409 patent. MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

147.    Intel is entitled to a declaratory judgment that: (a) it has not infringed, and is not infringing, the '409 patent, (b) it has not contributed to, and is not contributing to, infringement of the '409 patent, and (c) it has not induced, and is not inducing, infringement of the '409 patent.

**ANSWER:** Denied.

## COUNT VI – INVALIDITY OF THE '409 PATENT

148.    Intel repeats and realleges the allegations set forth in paragraphs 118 through 147 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:** MI incorporates by reference its responses to paragraphs 118 through 147 of Defendant's Counterclaims as though fully set forth herein.  To the extent that Defendant intends through Paragraph 149 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

149.    Intel contends that the claims of the '409 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**ANSWER:** MI admits that Intel contends that the claims of the '409 patent are invalid for failure to comply with the conditions for patentability, but MI denies that the claims are invalid.

150.    Intel is informed and believes, and on that basis alleges, that MI contends that the '409 patent is valid and enforceable.

**ANSWER:** MI admits that it contends the '409 patent is valid and enforceable.

151.    Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the validity of the '409 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and

declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:** MI admits that a controversy has arisen and exists between MI and Intel with respect to the validity of the '409 patent. MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

152.    Intel is entitled to a declaratory judgment that the claims of the '409 patent are invalid.

**ANSWER:** Denied.

## COUNT VII – NON-INFRINGEMENT OF THE '206 PATENT

153.    Intel repeats and realleges the allegations set forth in paragraphs 118 through 152 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:** MI incorporates by reference its responses to paragraphs 118 through 152 of Defendant's Counterclaims as though fully set forth herein. To the extent that Defendant intends through Paragraph 153 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

154.    MI claims that it is the assignee of the '206 patent and that it is the owner of all rights, title, and interest in and to the '206 patent. MI has expressly charged Intel with infringement of the '206 patent by filing a Complaint for Patent Infringement against Intel on November 1, 2013 (D.I. 1), a First Amended Complaint for Patent Infringement on March 17, 2015 (D.I. 61) , and a Second Amended Complaint for Patent Infringement on July 27, 2015 (D.I. 105).

**ANSWER:** MI admits that it is the assignee of and the owner of all rights, title, and interest in and to the '206 patent. MI further admits it has charged Intel with infringement of the

'206 patent by filing a Complaint on November 1, 2013 (D.I. 1), a First Amended Complaint on

March 17, 2015 (D.I. 61) , and a Second Amended Complaint on July 27, 2015 (D.I. 105).

155.    Intel has not been and is not now infringing, either directly, contributorily, or by

inducement, either literally or under the doctrine of equivalents, any claim of the '206 patent. In

light of MI's Complaint for Patent Infringement, First Amended Complaint for Patent

Infringement, and Second Amended Complaint for Patent Infringement, there exists an actual

controversy between MI and Intel regarding this patent.

**ANSWER:**  MI admits that there exists an actual controversy between MI and Intel

regarding Intel's infringement of the '206 patent.  MI denies the remaining allegations of this

paragraph.

156.    Accordingly, a valid and justiciable controversy has arisen and exists between MI

and Intel with respect to the alleged infringement of the '206 patent. Intel desires a judicial

determination and declaration of the respective rights and duties of the parties herein. Such a

determination and declaration is necessary and appropriate at this time so that the parties may

ascertain their respective rights and duties.

**ANSWER:**  MI admits that a controversy has arisen and exists between MI and Intel

with respect to the infringement of the '206 patent.  MI further admits that Intel desires a judicial

determination and declaration of the respective rights and duties of the parties herein and that

such a determination is necessary and appropriate at this time.

157.    Intel is entitled to a declaratory judgment that: (a) it has not infringed, and is not

infringing, the '206 patent, (b) it has not contributed to, and is not contributing to, infringement

of the '206 patent, and (c) it has not induced, and is not inducing, infringement of the '206

patent.

**ANSWER:** Denied.

## COUNT VIII – INVALIDITY OF THE '206 PATENT

158.    Intel repeats and realleges the allegations set forth in paragraphs 118 through 157 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:** MI incorporates by reference its responses to paragraphs 118 through 157 of Defendant's Counterclaims as though fully set forth herein.  To the extent that Defendant intends through Paragraph 158 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

159.    Intel contends that the claims of the '206 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**ANSWER:** MI admits that Intel contends that the claims of the '206 patent are invalid for failure to comply with the conditions for patentability, but MI denies that the claims are invalid.

160.    Intel is informed and believes, and on that basis alleges, that MI contends that the '206 patent is valid and enforceable.

**ANSWER:** MI admits that it contends the '206 patent is valid and enforceable.

161.    Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the validity of the '206 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:** MI admits that a controversy has arisen and exists between MI and Intel with respect to the validity of the '206 patent.  MI further admits that Intel desires a judicial

determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

162.    Intel is entitled to a declaratory judgment that the claims of the '206 patent are invalid.

**ANSWER:**  Denied.

## COUNT IX – NON-INFRINGEMENT OF THE '254 PATENT

163.    Intel repeats and realleges the allegations set forth in paragraphs 118 through 162 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:**  MI incorporates by reference its responses to paragraphs 118 through 162 of Defendant's Counterclaims as though fully set forth herein.  To the extent that Defendant intends through Paragraph 163 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

164.    MI claims that it is the assignee of the '254 patent and that it is the owner of all rights, title, and interest in and to the '254 patent. MI has expressly charged Intel with infringement of the '254 patent by filing a First Amended Complaint for Patent Infringement on March 17, 2015 (D.I. 61) and a Second Amended Complaint for Patent Infringement on July 27, 2015 (D.I. 105).

**ANSWER:**  MI admits that it is the assignee of and the owner of all rights, title, and interest in and to the '254 patent.  MI further admits it has charged Intel with infringement of the '254 patent by filing a First Amended Complaint on March 17, 2015 (D.I. 61) and a Second Amended Complaint on July 27, 2015 (D.I. 105).

165.    Intel has not been and is not now infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any claim of the '254 patent. In light of MI's First Amended Complaint for Patent Infringement and Second Amended Complaint

for Patent Infringement, there exists an actual controversy between MI and Intel regarding this patent.

**ANSWER:** MI admits that there exists an actual controversy between MI and Intel regarding Intel's infringement of the '254 patent. MI denies the remaining allegations of this paragraph.

166. Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the alleged infringement of the '254 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:** MI admits that a controversy has arisen and exists between MI and Intel with respect to the infringement of the '254 patent. MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

167. Intel is entitled to a declaratory judgment that: (a) it has not infringed, and is not infringing, the '254 patent, (b) it has not contributed to, and is not contributing to, infringement of the '254 patent, and (c) it has not induced, and is not inducing, infringement of the '254 patent.

**ANSWER:** Denied.

## COUNT X – INVALIDITY OF THE '254 PATENT

168. Intel repeats and realleges the allegations set forth in paragraphs 118 through 167 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:** MI incorporates by reference its responses to paragraphs 118 through 167 of Defendant's Counterclaims as though fully set forth herein. To the extent that Defendant intends

through Paragraph 168 to assert any allegations, fact, or averment, by implication or otherwise, MI denies it.

169.    Intel contends that the claims of the '254 patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

**ANSWER:**  MI admits that Intel contends that the claims of the '254 patent are invalid for failure to comply with the conditions for patentability, but MI denies that the claims are invalid.

170.    Intel is informed and believes, and on that basis alleges, that MI contends that the '254 patent is valid and enforceable.

**ANSWER:**  MI admits that it contends the '254 patent is valid and enforceable.

171.    Accordingly, a valid and justiciable controversy has arisen and exists between MI and Intel with respect to the validity of the '254 patent. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:**  MI admits that a controversy has arisen and exists between MI and Intel with respect to the validity of the '254 patent.  MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

172.    Intel is entitled to a declaratory judgment that the claims of the '254 patent are invalid.

**ANSWER:**  Denied.

## COUNT XI – MI'S CLAIMS ARE BARRED BY A COVENANT NOT TO SUE

173.    Intel repeats and realleges the allegations set forth in paragraphs 97 through 115 of its Answer and paragraphs 118 through 172 of its Counterclaims, above, as if set forth fully herein.

**ANSWER:**  MI incorporates by reference its responses to paragraphs 118 through 172 of Defendant's Counterclaims as though fully set forth herein.  To the extent that Defendant intends through Paragraph 173 to assert any other allegations, facts, or averments, by implication or otherwise, MI denies them.

174.    The ISA is a valid and enforceable contract.

**ANSWER:**  MI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174, and therefore denies them.

175.    Intel has performed all its obligations under the ISA.

**ANSWER:**  MI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 175, and therefore denies them.

176.    MI explicitly agreed to be bound by the ISA and, in so agreeing, became bound by the ISA's covenant not to sue provision.

**ANSWER:**  MI admits that it agreed to be bound by the ISA, and that it is bound by the ISA's covenant not to sue provision to the extent that this provision is valid, enforceable, and remains in effect.

177.    The ISA's covenant not to sue provision bars claims arising from CSI Patent Rights.

**ANSWER:**  MI admits that the ISA's covenant not to sue provision bars assertion of a CSI Patent Claim against Intel under certain specified terms and conditions.  MI denies the remainder of the allegations of Paragraph 177.

178. The patents-in-suit are CSI Patent Rights.

**ANSWER:** Denied.

179. The ISA's covenant not to sue provision is still in effect.

**ANSWER:** MI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 179, and therefore denies them.

180. MI filed this patent infringement action in violation of the covenant not to sue provision of the ISA.

**ANSWER:** Denied.

181. A valid and justiciable controversy has arisen and exists between MI and Intel with respect to whether MI's lawsuit is barred by the ISA's covenant not to sue provision. Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

**ANSWER:** MI admits that a controversy has arisen and exists between MI and Intel with respect to whether MI's lawsuit is barred by the ISA's covenant not to sue provision. MI further admits that Intel desires a judicial determination and declaration of the respective rights and duties of the parties herein and that such a determination is necessary and appropriate at this time.

182. Intel is entitled to a declaratory judgment that MI is barred from asserting the patents-in-suit against Intel because of the ISA's covenant not to sue provision and an order dismissing MI's claims.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

By way of further answer, as affirmative defenses to Defendant's Counterclaims, without assuming any burden that it would not otherwise have, and while expressly reserving the right to assert any other legal or equitable defenses to which it is entitled, MI states as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

MI expressly reserves the right to assert any other legal or equitable defenses to which it is entitled.

## DEMAND FOR JURY TRIAL

MI demands a trial by jury as to all issues so triable.

## PRAYER

WHEREFORE, in addition to the relief requested in its Complaint, MI respectfully prays that the Court:

A.    dismiss Defendant's Counterclaims in their entirety with prejudice, with Intel taking nothing thereby;

B.    deny all of Defendant's Counterclaims and all relief sought against MI;

C.    award MI its costs and attorneys' fees incurred in defending against Defendant's Counterclaims; and

D.    award MI any and all further relief that the Court may deem just and proper.

Respectfully submitted,

Dated:  September 21, 2015

*/s/ Jonathan Baker*
Jonathan Baker (appearing *pro hac vice*)
Michael Saunders (appearing *pro hac vice*)
Gurtej Singh (appearing *pro hac vice*)
FARNEY DANIELS PC
411 Borel Avenue, Suite 350
San Mateo, California 94402
Telephone:  (424) 278-5200
jbaker@farneydaniels.com
msaunders@farneydaniels.com
tsingh@farneydaniels.com

Bryan Atkinson (appearing *pro hac vice*)
FARNEY DANIELS PC
800 S. Austin Avenue, Suite 200
Georgetown, Texas 78626
Telephone: (512) 582-2828
batkinson@farneydaniels.com

John Mansfield, OSB No. 055390
MANSFIELD LAW
121 SW Morrison Ave., Suite 400
Portland, Oregon 97204
Telephone:  (971) 271-8615
john@mansfieldlaw.net

***Attorneys for Plaintiff***
***Memory Integrity, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the

Court using the CM/ECF system, which will send notification of such filing to all interested

parties.

DATED this 21[th] day of September, 2015.


/s/ Jonathan Baker
Jonathan Baker (appearing *pro hac vice*)
Attorney for Plaintiff, Memory Integrity, LLC